# EXHIBIT D



**U.S. Securities and Exchange Commission**

**Division of Corporation Finance:**

**Current Report on Form 8-K
Frequently Asked Questions
November 23, 2004**

The answers to these frequently asked questions represent the views of the staff of the Division of Corporation Finance. They are not rules, regulations or statements of the Securities and Exchange Commission. Further, the Commission has neither approved nor disapproved them.

**Note:** Since the Commission's publication of Release No. 34-49424, *Additional Form 8-K Disclosure Requirements and Acceleration of Filing Date*, we have received a number of questions regarding the implementation and interpretation of the new Form 8-K items. Our responses to some of these frequently asked questions are set forth below. Registrants and their counsel are reminded that one of the principal purposes of the revisions to Form 8-K is to increase the number of unquestionably or presumptively material events that must be disclosed currently, in accordance with the goals of Section 409 of the Sarbanes-Oxley Act of 2002. Registrants also should ensure that they have implemented appropriate disclosure controls and procedures in accordance with Exchange Act Rules 13a-14 and 15d-14 in order to ensure that information required to be disclosed by Form 8-K is brought to the attention of management and disclosed within the timeframes contemplated by Form 8-K. Unless otherwise indicated, references to Regulation S-K also apply to the corresponding provisions of Regulation S-B.

Questions should be directed to the Office of Chief Counsel at (202) 942-2900 in the Division of Corporation Finance.

**General**

**Question 1**

**Q:** If a triggering event specified in one of the items of Form 8-K occurs within 4 business days before a registrant's filing of a periodic report, may the registrant disclose the event in its periodic report rather than a separate Form 8-K? If so, under what item should the event be disclosed? Revised Item 5 of Part II of Forms 10-Q and 10-QSB and Item 9B of Form 10-K and Item 8B of Form 10-KSB appear to be limited to events that were required to be disclosed during the period covered by those reports.

**A:** Yes, a triggering event occurring within 4 business days before the registrant's filing of a periodic report may be disclosed in that periodic report, except for filings required to be made under Item 4.01, Changes in Registrant's Certifying Accountant and Item 4.02, Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or

Completed Interim Review. The registrant may disclose triggering events, other than Items 4.01 and 4.02 events, on the periodic report under Revised Item 5 of Part II of Forms 10-Q and 10-QSB and Item 9B of Form 10-K and Item 8B of Form 10-KSB, as applicable. All Item 4.01 and Item 4.02 events must be reported on Form 8-K. Of course, amendments to previously filed Forms 8-K must be filed on a Form 8-K/A.

### Question 2

**Q:** Some Items of amended Form 8-K are triggered by the specified event occurring in relation to the "registrant" (such as Items 1.01, 1.02, 2.03, 2.04). Others refer also to majority-owned subsidiaries (such as Item 2.01). Should registrants interpret all Form 8-K Items as applying the triggering event to the registrant and subsidiaries, other than Items that obviously apply only at the registrant level, such as changes in directors and principal officers?

**A:** Yes. Triggering events apply to registrants and subsidiaries. For example, entry by a subsidiary into a non-ordinary course definitive agreement that is material to the registrant is reportable under Item 1.01. Termination of such an agreement is reportable under Item 1.02. Similarly, Item 2.03 disclosure is triggered by definitive obligations or off-balance sheet arrangements of the registrant and/or its subsidiaries that are material to the registrant.

### Item 1.01 Entry into a Material Definitive Agreement

### Question 3

**Q:** If an agreement that was not material at the time the registrant entered into it becomes material at a later date, must the registrant file an Item 1.01 Form 8-K at the time the agreement becomes material?

**A:** No. If an agreement becomes material to the registrant but was not material to the registrant when it entered into, or amended, the agreement, the registrant need not file a Form 8-K under Item 1.01, unless the agreement is material to the registrant at the time of an amendment to that agreement. In any event, the registrant must file the agreement as an exhibit to the periodic report relating to the reporting period in which the agreement became material if, at any time during that period, the agreement was material to the registrant. In this regard, the registrant would apply the requirements of Item 601 of Regulation S-K to determine if the agreement must be filed with the periodic report.

### Question 4

**Q:** Is a placement agency or underwriting agreement a material definitive agreement for purposes of Item 1.01? If so, does the requirement to disclose the parties to the agreement require disclosure of the name of the placement agent or underwriter? Would such disclosure render the safe harbor from the definition of an "offer" included in Securities Act Rule 135c not available for the Form 8-K filing?

**A:** The registrant must determine whether specific agreements are material

using established standards of materiality and with reference to Instruction 1 to Item 1.01. If the registrant determines that such agreement requires filing under Item 1.01, it may, as under Item 3.02, omit the identity of the underwriters from the disclosure in the Form 8-K to remain within the safe harbor of Rule 135c.

**Question 5**

**Q:** Must a "summary sheet" that is given to directors that sets forth meeting fees and basic compensation information be disclosed as a material definitive agreement under Item 1.01 of Form 8-K?

**A:** Item 1.01 applies to both written and unwritten material definitive agreements. In this regard, refer to Telephone Interpretation I.85. in the Division of Corporation Finance's Manual of Publicly Available Telephone Interpretations (July 1997), which notes that where a registrant is party to an oral contract that would be required to be filed as an exhibit pursuant to Item 601(b)(10) if it were written, the registrant should provide a written description of the contract as an exhibit similar to the requirement in Item 601(b)(10)(iii).

If the "summary sheet" memorializes or sets forth terms of what is in fact an agreement between the registrant and the director as to the compensation and other terms, it would be subject to filing under Item 601(b)(10) of Regulation S-K and Form 8-K disclosure. The Form 8-K describing the agreement should be filed within 4 business days after the agreement is entered into, rather than within 4 business days after the summary sheet is provided to the director. This is because Item 601(b)(10)(iii)(A) of Regulation S-K specifically indicates that any contract or compensatory plan with a director is material and must be filed, and if the plan or contract is not set forth in a formal document, then a written description of the plan must be filed.

**Question 6**

**Q:** If a registrant enters into or amends an employment agreement with a named executive officer or a director, is disclosure required under Item 1.01?

**A:** Yes. If a registrant enters into an employment agreement with a director or an executive officer who is a "named executive officer," as that term is defined in Item 402(a)(3) of Regulation S-K, or enters into any amendment of such agreement that is material to the registrant, then the registrant must file a Form 8-K under Item 1.01, unless the employment agreement or amendment to the employment agreement is not required to be disclosed under Item 601(b)(10)(iii)(C) of Regulation S-K. The registrant must file an Item 5.02(c) Form 8-K if the officer is newly appointed to one of the positions specified in that Item.

**Question 7**

**Q:** If a registrant enters into an employment agreement with an executive officer who is not a named executive officer, or enters into any amendment of such agreement that is material to the registrant, is disclosure required

under Item 1.01?

**A:** Yes. Under Item 1.01 of Form 8-K, the registrant must file a Form 8-K if the employment agreement is not "immaterial in amount or significance" within the meaning of Item 601(b)(10)(iii)(A) of Regulation S-K, unless the agreement is not required to be disclosed pursuant to Item 601(b)(10)(iii)(C) of Regulation S-K. Whether an employment agreement with an executive officer is "immaterial in amount or significance" must be considered from the perspective of a reasonable investor and in light of established standards of materiality. The registrant must file an Item 5.02(c) Form 8-K if the officer is newly appointed to one of the positions specified in that Item.

**Question 8**

**Q:** The board of directors of the registrant adopts an equity compensation plan in which named executive officers are eligible to participate. No awards have been made under the plan. Does board adoption of the plan trigger disclosure under Item 1.01? Does the fact that adoption of the plan is subject to shareholder approval affect the timing of disclosure under Item 1.01?

**A:** Except for a plan that may be excluded pursuant to Item 601(b)(10)(iii)(C) of Regulation S-K, adoption by the registrant's board of directors of an equity compensation plan in which named executive officers are eligible to participate requires current disclosure pursuant to Item 1.01 of Form 8-K. Where the registrant's board adopts a compensation plan subject to shareholder approval, the obligation to file a Form 8-K pursuant to Item 1.01 is triggered upon receipt of shareholder approval of the plan. Similarly, if a reportable plan amendment or stock option grant is adopted subject to shareholder approval, the obligation to file a Form 8-K pursuant to Item 1.01 is triggered upon receipt of shareholder approval of the plan amendment or grant. Item 5.02 must be complied with if applicable.

**Question 9**

**Q:** The board of directors grants an equity award to a named executive officer, other executive officer or director pursuant to an equity compensation plan that was previously disclosed under Item 1.01. Consistent with General Instruction B.4. to Form 8-K, the registrant will file the plan (and if the plan provides broad discretion as to the terms of its awards, each form of award agreement or notice used under the plan for awards to directors or executive officers) as an exhibit to its next periodic report or registration statement pursuant to Item 601(b)(10)(iii)(A) or (B) of Regulation S-K. Must the registrant file a Form 8-K pursuant to Item 1.01 to report the grant if the Form 8-K filed pursuant to Item 1.01 to report adoption of the plan discloses all material terms and conditions of the award (other than the identity of the recipient, the grant date, the number of securities covered by the award, the price(s) at which the recipient may acquire the securities, and the vesting schedule) and the grant is consistent with those material terms and conditions?

**A:** No. This is because Instruction 1 to Item 601(b)(10) would not require the executive officer's or director's personal agreement under the plan to be filed as an exhibit unless disclosure of particular provisions in the

personal agreement is necessary for an investor's understanding of that individual's compensation under the plan. For an award pursuant to a plan adopted before the August 23, 2004 effective date of the Form 8-K amendments and for which no Form 8-K announcing the plan was previously filed, the same analysis applies if the registrant previously filed the plan (and if the plan provides broad discretion as to the terms of its awards, each form of award agreement or notice used under the plan for awards to directors or executive officers) as an exhibit pursuant to Item 601(b)(10)(iii)(A) or (B), and the filed plan (or the filed plan together with the form of award agreement or notice) discloses all material terms and conditions of the award as described above. Item 5.02 must be complied with if applicable.

### Question 10

**Q:** Would the answer to the prior question change if the registrant enters into or makes an award under the plan using an agreement (or an amended agreement) that is materially different from the material terms and conditions of the form of award agreement or notice that was previously disclosed in the Form 8-K announcing the adoption of the plan?

**A:** Yes. Based on the analysis of Item 601(b)(10) discussed above, Item 1.01 of Form 8-K would require disclosure of an equity award in these circumstances. Item 5.02 must be complied with if applicable.

### Question 11

**Q:** If the registrant had not previously disclosed the form of award agreement or notice in a Form 8-K or in an exhibit filed prior to adoption of the Form 8-K amendments as described in the previous two questions, may a registrant rely on Instruction 1 to Item 601(b)(10) once it has filed a Form 8-K disclosing the material terms of the form of award agreement or notice as described above?

**A:** Yes. After filing this Form 8-K, the registrant need not file a Form 8-K for each individual director's or officer's personal agreement under the plan unless disclosure of particular provisions in the personal agreement is necessary for an investor's understanding of that individual's compensation under the plan. Item 5.02 must be complied with if applicable.

### Question 12

**Q:** The board of directors of the registrant adopts a cash bonus plan under which named executive officers are eligible to participate. No specific performance criteria, performance goals or bonus opportunities have been communicated to plan participants. Does the adoption of such a plan require disclosure pursuant to Item 1.01 of Form 8-K?

**A:** Yes. The same position applies to the adoption of a cash bonus plan in which other executive officers are eligible to participate, unless the plan is immaterial in amount or significance within the meaning of Item 601(b)(10)(iii)(A) of Regulation S-K. If the plan is adopted subject to obtaining shareholder approval, the receipt of the shareholder approval triggers the obligation to file a Form 8-K pursuant to Item 1.01. Item 5.02 must be

complied with if applicable.

**Question 13**

**Q:** After adoption of a cash bonus plan has been disclosed in an Item 1.01 Form 8-K, the board of directors sets specific performance goals and business criteria for one or more participants. Does this action require disclosure pursuant to Item 1.01 of Form 8-K?

**A:** Yes. If the Form 8-K reporting the plan's adoption did not disclose the specific performance goals and business criteria for the performance period (such as EBITDA, return on equity or other applicable measure), the registrant must file a subsequent Form 8-K pursuant to Item 1.01 to disclose these measures when they are set by the board of directors. However, the registrant is not required to provide disclosure pursuant to Item 1.01 of target levels with respect to specific quantitative or qualitative performance related-factors, or factors or criteria involving confidential commercial or business information, the disclosure of which would have an adverse effect on the registrant. This position is consistent with the treatment of similar information under Instruction 2 to Item 402(k) of Regulation S-K. Item 5.02 must be complied with if applicable.

**Question 14**

**Q:** A registrant pays out a cash award pursuant to a cash bonus plan for which disclosure previously was filed consistent with the previous two questions. Does payment of the award require disclosure pursuant to Item 1.01 of Form 8-K?

**A:** Disclosure under Item 1.01 depends on the circumstances relating the payment of the cash award. If the registrant pays out a cash award upon determining that the performance criteria have been satisfied, then a Form 8-K reporting such a payment would not be required under Item 1.01. This is because Instruction 1 to Item 601(b)(10) of Regulation S-K would not require the executive officer's personal agreement under the plan to be filed as an exhibit, unless disclosure of particular provisions in the personal agreement is necessary for an investor's understanding of that individual's compensation under the plan. Based on this Instruction, however, payment of a cash bonus must be disclosed under Item 1.01 of Form 8-K if the registrant exercised discretion to pay the bonus even though the specified performance criteria were not satisfied.

**Item 1.02 Termination of a Material Definitive Agreement**

**Question 15**

**Q:** A material definitive agreement has an advance notice provision that requires 180 days advance notice to terminate. The counterparty delivers to the registrant written advance notice of termination. Even though the registrant intends to negotiate with the counterparty and believes in good faith that the agreement will ultimately not be terminated, is an Item 1.02 Form 8-K required?

**A:** Yes. Although Instruction 1 to Item 1.02 notes that no disclosure is

required solely by reason of that Item during negotiations or discussions regarding termination of a material definitive agreement unless and until the agreement has been terminated, and Instruction 2 indicates that no disclosure is required if the registrant believes in good faith that the material definitive agreement has not been terminated, Instruction 2 clarifies that, once notice of termination pursuant to the terms of the agreement has been received, the Form 8-K is required, notwithstanding the registrant's continued efforts to negotiate a continuation of the contract.

### Question 16

**Q:** A material definitive agreement automatically expires on June 30, 2005, but is continued for successive one-year terms until the next June 30th unless one party sends a non-renewal notice in January - in other words, during a 30-day window period six months before the automatic renewal. Does non-renewal of this type of agreement by sending the notice trigger Item 1.02 disclosure?

**A:** Yes. The triggering event is the sending of the notice in January, not the termination of the agreement on June 30th. However, automatic renewal in accordance with the terms of the agreement (in other words, where no non-renewal notice is sent) does not trigger the filing of an Item 1.01 Form 8-K.

### Question 17

**Q.** A material definitive agreement expires on June 30, 2005. It provides that either party may renew the agreement for another one-year term ending on June 30th if it sends a renewal notice to the other party during January, and the other party does not affirmatively reject that notice in February. If neither party sends a renewal notice, and the agreement terminates on June 30th, is an Item 1.02 Form 8-K filing required?

**A.** No. This would be a termination on the agreement's stated termination date that does not trigger an Item 1.02 filing. If one party sends a renewal notice that is not rejected, an Item 1.01 Form 8-K is required. Such a filing would be triggered by the passage of the rejection deadline on February 28th, and not the sending of the renewal notice in January.

### Item 2.03 Creation of a Direct Financial Obligation or an Obligation under an Off-Balance Sheet Arrangement of a Registrant

### Question 18

**Q:** Instruction 2 to Item 2.03 states that if the registrant is not party to the transaction creating the contingent obligation arising under the off-balance sheet arrangement, the four business day period begins on the "earlier of" (1) the fourth business day after the contingent obligation is created or arises, and (2) the day on which an executive officer becomes aware. How can a registrant disclose something of which it is not aware?

**A:** A registrant must ensure that its disclosure and internal controls and procedures ensure that information required to be disclosed by the issuer in

the reports that it files under the Exchange Act, including Current Reports on Form 8-K, is recorded, processed, summarized and reported within the required time frames. Instruction 2 to Item 2.03 provides for an additional four business days as a "grace" period given the nature of the requirement.

### Question 19

**Q:** If a registrant has a long term debt issuance in a private placement that is coming due, and replaces it or refunds it with another long term debt issuance of the same principal amount and with similar terms in a private placement, is a Form 8-K required to be filed under Item 2.03?

**A:** Whether a financial obligation is material is not merely a matter of the amount of the obligation, although that is of course one significant element. Materiality is a facts and circumstances determination. Whether the financial obligation is a refinancing on similar terms is one such fact. Depending on other facts and circumstances (including but not limited to factors such as current impact on covenants, liquidity and debt capacity and other debt requirements), a registrant may be able to conclude that a financial obligation in this situation is not material.

### Item 2.04 Triggering Events That Accelerate or Increase a Direct Financial Obligation or an Obligation under an Off-Balance Sheet Arrangement

### Question 20

**Q:** Is an Item 2.04 Form 8-K required if all facts necessary to an event triggering acceleration or increase in a direct financial obligation under an agreement have occurred but the counterparty has not declared, or provided notice of, a default?

**A:** It depends on how the agreement is written. If, as is often the case, such declaration or notice is necessary prior to increase or acceleration of the agreement, then Item 2.04 is not triggered. If no such declaration or notice is necessary and the increase or acceleration is triggered automatically on the occurrence of an event without declaration or notice, disclosure is required under Item 2.04.

### Item 2.05 Costs Associated with Exit or Disposal Activities

### Question 21

**Q:** Are costs associated with an exit activity limited to those addressed in FASB Statement of Financial Accounting Standards No. 146, Accounting for Costs Associated with Exit or Disposal Activities (SFAS 146)?

**A:** No. SFAS 146 addresses certain costs associated with an exit activity. Paragraph 2 of SFAS 146 states that such costs include, but are not limited to, those costs addressed by the SFAS. Other costs that may need to be disclosed pursuant to Item 2.05 of Form 8-K are addressed by FASB Statements of Financial Accounting Standards Nos. 87, 88, 106 and 112.

### Question 22

**Q:** If a registrant, in connection with an exit activity, is terminating employees, must it file the Form 8-K when the registrant commits to the plan, or can it wait until it has informed its employees?

**A:** Item 2.05 was intended to be generally consistent with SFAS 146. SFAS 146 states that, if a registrant is terminating employees as part of a plan to exit an activity, it need not disclose the commitment to the plan until it has informed affected employees. Similarly, a Form 8-K need not be filed until those employees have been informed. See paragraphs 8, 20 and 21 of SFAS 146.

### Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review

### Question 23

**Q:** If a registrant has taken appropriate action to prevent reliance on the financial statements and has also filed a Form 8-K under Item 4.02(a), must the registrant file a second Form 8-K under Item 4.02(b) if it is separately advised by, or receives notice from, its auditor that the auditor has reached the same conclusion?

**A:** No. If the registrant has reported that reliance should not be placed on previously issued financial statements because of an error in such financial statements, the issuer does not need to file a second Form 8-K to indicate that the auditor has also concluded that future reliance should not be placed on its audit report, unless the auditor's conclusion relates to an error or matter different from that which triggered the registrant's filing under Item 4.02(a).

### Item 5.02 Departure of Directors or Principal Officers; Election of Directors; Appointment of Principal Officers

### Question 24

**Q:** Is the obligation to report an event specified in Item 5.02(b) of Form 8-K triggered by a director's or officer's notice to the issuer? Must the Form 8-K disclose the effective date of the resignation or other event?

**A:** Yes. With respect to any resignation, retirement or refusal to stand for re-election reportable under Item 5.02(b), the Form 8-K reporting obligation is triggered by a notice of a decision to resign, retire or refuse to stand for re-election provided by the director or executive officer, whether or not such notice is written. The disclosure shall specify the effective date of the resignation or retirement. In the case of a refusal to stand for re-election, the registrant must disclose when the election in question will occur, for example, at the registrant's next annual meeting. No disclosure is required solely by reason of Item 5.02(b) of discussions or consideration of resignation, retirement or refusal to stand for re-election. Whether communications represent discussion or consideration, on the one hand, or notice of a decision, on the other hand, is a facts and circumstances determination. A registrant should ensure that it has appropriate disclosure controls and procedures under Exchange Act Rules 13a-14 and 15d-14 in order to determine when a notice of resignation, retirement or refusal has

been communicated to the registrant.

**Question 25**

**Q:** If a registrant decides not to nominate a director for re-election at its next annual meeting, is a Form 8-K required?

**A:** No. That situation is not covered under the phrase "is removed." However, if the director, upon receiving notice from the registrant that it does not intend to nominate him or her for re-election, then resigns his or her position as a director, then a Form 8-K would be required pursuant to Item 5.02. If the director tells the registrant that he or she refuses to stand for re-election, a Form 8-K is required because the director has communicated a "refusal to stand for re-election," whether or not in response to an offer by the registrant to be nominated.

**Question 26**

**Q:** If a registrant appoints a new listed officer, it may delay disclosure until it makes public announcement of the event under the Instruction to Item 5.02(c). Would the registrant nevertheless have to disclose the entry into an employment agreement with the officer pursuant to Item 1.01 of Form 8-K within four business days following the entry into such agreement, even if that date is before the public announcement of the officer's appointment? Similarly, if the officer were simultaneously appointed to the board of directors of the registrant, would the registrant have to disclose such appointment pursuant to Item 5.02(d) within four business days following such appointment, even if that date is before the public announcement of the officer's appointment?

**A:** No. In these circumstances, disclosures under Item 1.01 or paragraph (d) of Item 5.02 may be delayed to the time of public announcement consistent with Item 5.02(c).

**Question 27**

**Q:** The adopting release did not include the proposed requirement that the registrant disclose the reasons for an officer's departure. However, a material definitive agreement in the form of an employment contract may be terminated simultaneously with the officer's departure. This termination of a material agreement is required to be disclosed under Item 1.02. What is the meaning of the Item 1.02 disclosure requirement regarding the "material circumstances surrounding the termination" in this situation?

**A:** It is sufficient for the registrant to state in its Item 1.02 disclosure that the contract was terminated in conjunction with the officer's departure. These positions under Items 1.02 and 5.02 do not, however, permit a registrant to avoid disclosing other "material circumstances" surrounding the termination, such as resulting termination, severance or other payments or other consequences.

**Question 28**

**Q:** If the registrant does not consider its principal accounting officer an

executive officer for purposes of Items 401 or 404 of Regulation S-K, must the registrant make all of the disclosures required by Item 5.02(c)(2) of Form 8-K?

**A:** Yes. All of the information required by Item 5.02(c)(2) regarding specified newly appointed officers, including a registrant's principal accounting officer, is required to be reported on Form 8-K even if the information was not required to be disclosed in the Form 10-K because the position does not fall within the definition of an executive officer for the purposes of Items 401 or 404 of Regulation S-K.

### Question 29

**Q:** A registrant's principal operating officer has his duties and responsibilities as principal operating officer removed and reassigned to other personnel in the organization, however the person remains employed by the registrant and retains the title. Is the registrant required to file a Form 8-K under Item 5.02 to report the principal operating officer's termination?

**A.** Yes. The term "termination" includes situations where an officer identified in Item 5.02 has been demoted or has had his or her duties and responsibilities removed such that he or she no longer functions in the position of that officer.

### Item 5.03

### Question 30

**Q:** Does the restatement of a registrant's articles of incorporation, without any substantive amendments to those articles, trigger a Form 8-K filing requirement?

**A:** No. An Item 5.03 Form 8-K is not required to be filed when the registrant is merely restating its articles of incorporation, i.e. a restatement that consolidates previous amendments without any substantive changes to the articles of incorporation. However, we recommend that registrants refile their complete articles of incorporation, if restated, in their next periodic report for ease of reference by investors.

*http://www.sec.gov/divisions/corpfin/form8kfaq.htm*