IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK D. SEINFELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 05-298 (JJF) |
| ) | |
| CRAIG R. BARRETT, CHARLENE ) | |
| BARSHEFSKY, E. JOHN P. BROWNE, ) | Jury Trial Demanded |
| D. JAMES GUZY, REED E. HUNDT, ) | |
| PAUL S. OTELLINI, DAVID S. POTTRUCK, ) | |
| JANE E. SHAW, JOHN L. THORNTON, ) | |
| DAVID B. YOFFIE, ANDREW S. GROVE, and ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S VERIFIED COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

OF COUNSEL:

Michael D. Torpey
James N. Kramer
Susan D. Resley
Erin L. Bansal
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
(415) 773-5700

Dated: August 10, 2005

Stephen C. Norman (#2686)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0957
(302) 984-6000
snorman@potteranderson.com

Attorneys for defendants Craig R. Barrett, Charlene Barshefsky, E. John P. Browne, D. James Guzy, Reed E. Hundt, Paul S. Otellini, David S. Pottruck, Jane E. Shaw, John L. Thornton, David B. Yoffie, Andrew S. Grove, and nominal defendant Intel Corporation

# TABLE OF CONTENTS

|     |     | Page |
| --- | --- | ---: |
| I.  | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
|     | A. Plaintiff Cannot Satisfy The First Prong Of The Ripeness Test Because The Transaction He Challenges Is Not Final | 2 |
|     |     1. *Shaev* Does Not Establish That Future Payments Under The 2005 EOIP Will Be Non-Deductible | 4 |
|     |     2. The Required Administrative Process Has Not Yet Occurred And May Never Occur | 5 |
|     | B. Plaintiff Cannot Satisfy The Second Prong Of The Ripeness Test Because The Balance Of Hardships Tips Squarely In Favor Of Deferring Adjudication | 7 |
| III. | CONCLUSION | 8 |

## TABLE OF AUTHORITIES

**Page**

*Abbott Labs. v. Garner*,
  387 U.S. 136 (1967) ..........................................................................................................2

*Auerbach v. Board of Educ. of the Harborfields Cent. Sch. Dist. of Greenlawn*,
  136 F.3d 104 (2d Cir. 1998) ...............................................................................................3

*Carmody v. Toll Bros., Inc.*,
  723 A.2d 1180 (Del. Ch. 1998) .......................................................................................4,5

*Coastal States Gas Corp. v. Department of Energy*,
  495 F. Supp. 1300 (D. Del. 1980) ......................................................................................2

*Gasner v. Board of Supervisors of County of Dinwiddie, Virginia*,
  103 F.3d 351 (4th Cir. 1996) ..............................................................................................6

*General Motors Corp. v. Volpe*,
  321 F. Supp. 1112 (D. Del. 1970) ......................................................................................3

*Grimes v. Donald*, 673 A.2d 1207 (Del. 1996), *overruled on other grounds*,
  *Brehm v. Eisner*, 746 A.2d 244 (Del. 2000) ......................................................................6

*Hurwitz v. Sher*,
982 F.2d 778 (2d Cir. 1992) ...................................................................................................4

*Kaufman v. Albin*,
  447 A.2d 761 (Del. Ch. 1982) ............................................................................................7

*New Hanover Township v. U.S. Army Corps. of Eng'rs*,
  992 F.2d 470 (3d Cir. 1993) ...............................................................................................7

*Philadelphia Fed'n of Teachers v. Ridge*,
  150 F.3d 319 (3d Cir. 1998) .........................................................................................3,5,7

*Shaev v. Saper*,
  320 F.3d 373 (3d Cir. 2003) ............................................................................................3,4

*Sorin v. Shahmoon Indus., Inc.*,
  220 N.Y.S.2d 760 (N.Y. Sup. Ct. 1961) .............................................................................5

*Temple Univ. of the Commonwealth Sys. of Higher Educ. ex. rel. v. Rehnquist*,
  46 Fed. Appx. 124 (3d Cir. 2002) ......................................................................................2

*Trinity Res., Inc. v. Township of Delanco,*
842 F. Supp. 782 (D.N.J. 1994) .................................................................................... 7

*Westinghouse Elec. Corp. v. Franklin,*
993 F.2d 349 (3d Cir. 1993) ........................................................................................ 7

*W.R. Grace & Co. – Conn. v. United States Envtl. Prot. Agency,*
959 F.2d 360 (1st Cir. 1992) ....................................................................................... 8

## MISCELLANEOUS

FED. R. CIV. P. 12(b)(6) ................................................................................................... 4

I. **INTRODUCTION**

Plaintiff's Opposition concedes that his claims are ripe only if he meets his burden of alleging facts establishing that: (1) his claims are not premised on "contingent events that may not occur as anticipated" and (2) if the Court defers adjudication, he will suffer "direct and immediate harm." Opp'n at 12, 13. Plaintiff's effort to meet his burden is premised entirely on the argument that Intel was harmed when Defendants made "materially false and misleading statements in the Proxy Statement." *Id.* The fundamental flaw of this argument is that it assumes the truth of plaintiff's claims, *i.e.*, that the 2005 Proxy *was* materially false and misleading because Intel *will* take future deductions, the IRS *will* challenge those deductions, and the IRS's challenge *will* be sustained. Absent *each* of those events occurring, the statements are not false and neither plaintiff nor the Company has been harmed by them. Plaintiff cannot meet his burden of *alleging facts* to satisfy both prongs of the ripeness test by merely assuming the truth of his claims.

Other than this circular argument, plaintiff offers nothing to establish that his claims are ripe for adjudication. His Opposition offers no meaningful attempt to establish the first prong of the ripeness test – that his claims are not contingent on future events. Similarly, the Opposition offers nothing to establish the second prong of the test – that he will suffer direct and immediate harm if the Court defers adjudication. Nor can he, because plaintiff can assert his claims later if and when they are ripe.

Moreover, when the Court considers the hardship to *Intel and its shareholders* if this action proceeds (as it must under the second prong of the ripeness test), it is clear that adjudicating plaintiff's claims now has harmed and will continue to harm Intel and its shareholders, to the benefit of nobody but plaintiff and his counsel. The very presence of this litigation threatens Intel's ability to deduct payments under the 2005 EOIP, irrespective of whether the IRS would ever challenge the deductibility of such payments. This harm is particularly acute given the historical context of the 2005 EOIP: (1) it marks

the *third* occasion on which Intel shareholders have approved substantially the same executive compensation program; and (2) the IRS has never challenged any payments made under the precursor plans. Against this backdrop, Intel and its shareholders should not be forced to suffer through the continued adjudication of plaintiff's premature claims.

Plaintiff has failed to meet his burden of establishing both prongs of the ripeness test. Under well settled principles of ripeness and Article III jurisdiction, plaintiff's claims should be dismissed.[1]

## II.   ARGUMENT

### A.   Plaintiff Cannot Satisfy The First Prong Of The Ripeness Test Because The Transaction He Challenges Is Not Final

As set forth in Defendants' Opening Brief, plaintiff bears the burden of alleging facts which establish both prongs of the ripeness test, "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Garner*, 387 U.S. 136, 149 (1967). *See also Temple Univ. of the Commonwealth Sys. of Higher Educ. ex. rel. v. Rehnquist*, 46 Fed. Appx. 124, 129 (3d Cir. 2002) (we must assess "*both*" prongs of the ripeness inquiry) (citing *Abbott Labs*, 387 U.S. at 149); *Coastal States Gas Corp. v. Department of Energy*, 495 F. Supp. 1300, 1304 (D. Del. 1980) ("[t]he problem is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties

---

[1] Plaintiff claims that this is "not the first time" that Defendants "violated the proxy rules." Opp'n at 1, 2. Plaintiff's sole support for that statement is a 1996 settlement relating to one of the Company's bonus plans. However, the proffered documents explicitly state that the settlement is not "any evidence or an admission" of wrongdoing. *See* Ex. 2 to Gershon Aff. II. Similarly troubling is plaintiff's argument that the 1996 settlement proves that the Defendants' statement in their Opening Brief that "the bonus plan was submitted to Intel stockholders in '1995 (because of minor amendments)' is false." Opp'n at 2. Here too, the very document upon which plaintiff relies disproves his argument. The Settlement Notice states that the amendments were made "to clarify the formula by which the performance-based bonus payments are calculated." Ex. 3 to Gershon Aff. II.

of withholding court consideration") (quoting *Abbott Labs*, 387 U.S. at 148-49); *General Motors Corp v. Volpe*, 321 F. Supp. 1112, 1125 (D. Del. 1970) (even where the fitness prong is satisfied, the claim should be dismissed for failure to establish hardship to the parties; "[t]he conclusion that the issues presented in this litigation are fit for judicial review does not, however, resolve the second inquiry arising from *Abbott* and the ripeness case law – 'the hardship to the parties of withholding consideration'"). As noted above, plaintiff concedes that he has the burden of alleging facts that meet both prongs of this test. Opp'n at 12, 13 ("plaintiff bears the burden of alleging facts that establish ripeness").[2]

The first prong of the ripeness analysis is "the degree to which the challenged action is final"; that is, "whether the claim involves uncertain and contingent events that may not occur as anticipated or at all." *Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). Again, the only argument plaintiff offers is that the 2005 Proxy contains material misstatements and omissions. Opp'n at 13. The Opposition offers no response to the fact that no payments have been made under the 2005 EOIP (nor will they until 2006), that Intel has yet to deduct any payments, that Intel has yet to file any relevant tax return and, of course, that the IRS has yet to rule on any deduction. Instead, plaintiff advances the demonstrably false argument that the IRS's *future* determination of deductibility is a foregone conclusion, based entirely on *Shaev v. Saper*, 320 F.3d 373 (3d Cir. 2003). *See* Opp'n at 14.

---

[2] *See, e.g.*, Opp'n at 12 ("A ripeness inquiry involves weighing two factors: (1) 'the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review'") (citing *Artway v. Attorney Gen. of State of N.J.*, 81 F.3d 1235, 1247 (3d Cir. 1996); Opp'n at 13 ("we submit that it is evident that the case at bar satisfies both factors").

-3-

### 1. Shaev Does Not Establish That Future Payments Under The 2005 EOIP Will Be Non-Deductible

The issue of ripeness was not raised by the parties or adjudicated by the court in *Shaev*. Indeed, all *Shaev* did was adjudicate the adequacy of plaintiff's complaint under FED. R. CIV. P. 12(b)(6). Undeterred by this fundamental procedural distinction, plaintiff argues that the holding in *Shaev* establishes that future payments under Intel's 2005 EOIP will be nondeductible as a matter of law. Opp'n at 14. For the reasons articulated in Defendants' Opening Brief, *Shaev* is not dispositive of this issue. *See* Opening Br. at 7, 8; *see also* Defs.' Opp'n To Pl's Mot. Summ. J. at 24, 25 (filed July 25, 2005). There are numerous distinctions between Intel's 2005 Proxy and the proxy in *Shaev*, each of which undercuts the assertion that payments under the 2005 EOIP will not be deductible, especially not as a matter of law. *Id.* The Opposition ignores these distinctions, and plaintiff's only response is to advance the conclusory argument that "the case at bar is on all fours with *Shaev*." Opp'n at. 14.

Perhaps sensing that *Shaev* is not dispositive, plaintiff next argues that his claims should not be deferred until the IRS rules because courts "have the ability to read the Code and the Treasury Regulations and apply [them] to the case before them." Opp'n at 15, *citing Shaev*, 320 F.3d at 281, *Hurwitz v. Sher*, 982 F.2d 778, 782 (2d Cir. 1992) and *Carmody v. Toll Bros., Inc.*, 723 A.2d 1180, 1188 (Del. Ch. 1998). Plaintiff's point may be true where, as in *Shaev*, *Hurwitz* and *Carmody*, the documents at issue are facially invalid, and thus the plaintiffs' claims are not premised on contingent events. Plaintiff has not made and cannot make the same showing concerning the 2005 EOIP.

As discussed above and in the Opening Brief, the plan in *Shaev* suffered from multiple, obvious defects that were expressly contrary to the applicable Treasury Regulations. Opening Br. at 7, 8 (citing *Shaev*, 320 F.3d at 379-80). The antenuptial agreement at issue in *Hurwitz* suffered from the same failures – multiple violations of the relevant statute. 982 F.2d at 781 ("[t]he Agreement did not satisfy these unambiguous

-4-

statutory specifications. As the district court noted, the antenuptial agreement did not designate a beneficiary and did not acknowledge the effect of the wavier as required by ERISA"). Likewise, in *Carmody*, the defendants adopted a "facially invalid rights plan," which the court held had a "depressing and deterrent effect upon the shareholders' interests." *Carmody*, 723 A.2d at 1188.[3]

By contrast, the 2005 EOIP is not facially invalid. To the contrary, the history of the 2005 EOIP suggests strongly that the 2005 EOIP complies with IRS regulations. Intel has successfully made payments and taken deductions under plans substantially similar to the 2005 EOIP since 1994. *See* RJN, Ex. A at 38. Moreover, for the reasons explained in the Opening Brief and in Defendants' Summary Judgment Opposition, the 2005 EOIP does comply with applicable law. At a minimum, the validity of the 2005 EOIP is an open question, one that the IRS will consider, if at all, in light of *all* facts and circumstances, some of which have not yet occurred. To do the opposite, to ignore the history of the 2005 EOIP and the decision-making power of IRS, would be to undo prematurely a shareholder-approved bonus plan that has been consistently applied and accepted by the IRS for over a decade.

### 2. The Required Administrative Process Has Not Yet Occurred And May Never Occur

Plaintiff bears the burden of establishing that the "challenged action is final." *Philadelphia Fed'n of Teachers*, 150 F.3d at 323. Given that plaintiff is challenging the

---

[3] Plaintiff's reliance on *Sorin v. Shahmoon Indus., Inc.*, 220 N.Y.S.2d 760, 779 (N.Y. Sup. Ct. 1961), for the proposition that an eventual IRS determination would be irrelevant because, whatever its decision, "waiting for the IRS to decide deductibility of the payments would not bind this court" is misplaced. *See* Opp'n at 15. In *Sorin*, the defendant claimed that his expense reports were not excessive because the IRS did not charge him with personal tax liability on any reimbursements he received from the company. In rejecting this argument, the court held that the IRS's failure to act "is not equivalent to exoneration of the fiduciary or satisfaction of his obligations" under corporate law. Here, Intel is not arguing that the IRS's failure to audit payments under the 2005 EOIP is dispositive of the merits of plaintiff's claims. Rather, Intel is challenging plaintiff's standing to bring his claim before any payments have been made and the IRS has had an opportunity to act.

application of the Tax Code, there can be no finality unless and until the IRS – the administrative body charged with interpreting and applying the Tax Code – has ruled on the deductibility of any future payments made under the 2005 EOIP.

Other courts in similar circumstances have dismissed shareholder actions for lack of ripeness. *See* Opening Br. at 9, citing *Gasner v. Board of Supervisors of County of Dinwiddie, Virginia*, 103 F.3d 351, 360 (4th Cir. 1996) (plaintiffs' allegations involved merely "a hypothetical occurrence" and therefore were not ripe because taxation had not yet taken place); *Grimes v. Donald*, 673 A.2d 1207 (Del. 1996) (shareholder derivative action challenging "golden parachute" provision was not ripe where executive had not yet terminated employment), *overruled on other grounds, Brehm v. Eisner*, 746 A.2d 244, 255 (Del. 2000); *Auerbach v. Board of Educ. of the Harborfields Cent. Sch. Dist. of Greenlawn*, 136 F.3d 104, 108-09 (2d Cir. 1998) (claim that retirement plan was discriminatory was not ripe because employees had yet to retire). Plaintiff attempts to distinguish these cases as "based on contingent events that may not occur in the future." Opp'n at 17. Of course, that is the point and exactly the case here. No payments have been made under the 2005 EOIP, no tax deduction has been claimed, and the IRS has not ruled that any hypothetical future tax deduction would be improper. Until these events occur, plaintiff's claims are unripe.[4]

---

[4] Plaintiff argues that the Financial Accounting Standards Board's ("FASB") proposed interpretation of its rules, which require that "tax benefits be recognized based on tax positions in tax returns that are probable of being sustained on audit," somehow suggests that his claims are ripe. *See* Opp'n at 16. Based on a tortured reading of these proposed rules, plaintiff cries that Intel cannot take the position that "if I don't get caught, it's deductible." *Id.* But Intel has never taken a deduction in violation of the tax laws, nor does it argue here that the failure to "get caught" is the standard. Rather, for the past ten years Intel has taken deductions on plans that were the precursor to the 2005 EOIP because it believed, and continues to believe, that the deductions were appropriate. The IRS has never questioned the deductibility of any of these payments.

### B. Plaintiff Cannot Satisfy The Second Prong Of The Ripeness Test Because The Balance Of Hardships Tips Squarely In Favor Of Deferring Adjudication

The second prong of the ripeness tests requires an analysis of the hardship to both parties if the Court defers adjudication. *Trinity Res., Inc. v. Township of Delanco*, 842 F. Supp. 782, 801 (D.N.J. 1994) ("there is another aspect to the hardship inquiry which bears noting, and that is the hardship to defendants . . . if this case is permitted to proceed"). This prong turns on whether deferral will cause the plaintiff "direct and immediate" harm. *Philadelphia Fed'n of Teachers*, 150 F.3d at 323 (citations omitted). To establish ripeness, a threat must exist that is "credible" and not merely "speculative." *Artway*, 81 F.3d at 1247, 1250. The threat "must be certain and impending to obtain preventative relief." *New Hanover Township v. U.S. Army Corps. of Eng'rs*, 992 F.2d 470 (3d Cir. 1993) (quoting *CEC Energy Co. v. Public Serv. Comm'n of the Virgin Islands*, 891 F.2d 1107, 1111 (3d Cir. 1989)).

Plaintiff advances two arguments to establish that he will suffer immediate hardship if his claims are dismissed: (1) if he is forced to wait until the IRS rules, the statute of limitations on his claims will run, and (2) "federal pleading standards do not require the inclusion of a specific damages amount." Opp'n at 18. Both arguments fall flat.

The statutes of limitation on plaintiff's claims will not begin to run until a claim exists, *i.e.*, when the IRS determines (if ever) that payments under the 2005 EOIP are not tax deductible. *See, e.g., Westinghouse Elec. Corp. v. Franklin*, 993 F.2d 349, 353, 357 (3d Cir. 1993) (federal law claims; the one year statue of limitations for a Section 14(a) claim does not begin to run until "after the discovery of the facts constituting the violation"); *Kaufman v. Albin*, 447 A.2d 761, 763 (Del. Ch. 1982) (state law claims; "[i]f a right of action depends upon some contingency or a condition precedent, the cause of action does not accrue and the statute of limitations does not begin to run until that

contingency occurs or the conditions precedent is complied with"). Unless and until that happens, neither plaintiff nor the Company can possibly have suffered any harm.

Plaintiff's reliance on pleading standards similarly fails. Contrary to plaintiff's implicit assertion, there is no conflict between federal pleading standards and the ripeness test. To meet his burden on the second prong of the ripeness test, plaintiff must allege *facts* that establish that he will suffer "direct and immediate" harm if adjudication is deferred. *W.R. Grace & Co – Conn. v. United States Envtl. Prot. Agency*, 959 F.2d 360, 365 (1st Cir. 1992). Intel does not contend that plaintiff must allege "specific damage" amounts (*i.e.* the *quantum* of harm) to establish ripeness. Rather, he must establish the *fact* of harm.

Nor does plaintiff offer any response to the fact that adjudicating plaintiff's claim immediately has harmed and will continue to harm Intel and its shareholders. *Compare* Opening Br. at 10-11 to Opp'n at 17-19. The Company has been forced to incur unnecessary fees and costs and to devote management time and effort to defend a claim based on hypothetical facts that might never come to pass. Further, if plaintiff is permitted to move forward, the shareholder franchise will be unnecessarily compromised. Especially given the long history of the EOIP, the shareholders' vote approving the 2005 EOIP should not be jettisoned based on plaintiff's conjecture about what might happen in the future.

The hardships to Intel and its shareholders of litigating now are real and tangible. By contrast, plaintiff can offer nothing that establishes any harm if adjudication is deferred. Plaintiff has failed to meet his burden on the second prong of the ripeness test, and his claims must be dismissed.

### III. CONCLUSION

Plaintiff has failed to meet his burden of establishing that his claims are ripe for adjudication. Accordingly, the Complaint should be dismissed.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: /s/ Stephen C. Norman |
|  | Stephen C. Norman (#2686) |
| Michael D. Torpey | Hercules Plaza, 6th Floor |
| James N. Kramer | 1313 North Market Street |
| Susan D. Resley | P.O. Box 951 |
| Erin L. Bansal | Wilmington, DE 19899-0957 |
| ORRICK, HERRINGTON & | (302) 984-6000 |
| SUTCLIFFE LLP | snorman@potteranderson.com |
| 405 Howard St. |  |
| San Francisco, CA 94105 | Attorneys for defendants Craig R. Barrett, |
| (415) 773-5700 | Charlene Barshefsky, E. John P. Browne, D. |
|  | James Guzy, Reed E. Hundt, Paul S. Otellini, |
|  | David S. Pottruck, Jane E. Shaw, John L. |
| Dated: August 10, 2005 | Thornton, David B. Yoffie, Andrew S. Grove, |
|  | and nominal defendant Intel Corporation |

694291

-9-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I do hereby certify that, on August 10, 2005, the within document was filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

    Francis G.X. Pileggi, Esquire
    Sheldon K. Rennie, Esquire
    Fox Rothschild LLP
    919 North Market Street, Suite 1300
    Wilmington, Delaware  19801

                                            /s/ Stephen C. Norman
                                            Stephen C. Norman (#2686)
                                            Potter Anderson & Corroon LLP
                                            Hercules Plaza, 6th Floor
                                            P.O. Box 951
                                            Wilmington, DE  19899
                                            (302) 984-6000
                                            E-mail: snorman@potteranderson.com