

# Potter
# Anderson
# &Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Stephen C. Norman**
Partner
Attorney at Law
snorman@potteranderson.com
302 984-6038  Direct Phone
302 658-1192  Fax

October 6, 2005

**BY E-FILE**

The Honorable Joseph J. Farnan, Jr.
United States District Court
 For the District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:    Frank D. Seinfeld v. Craig R. Barrett, et al.,
               D. Del., C.A. 05-298-JJF

Dear Judge Farnan:

      I write on behalf of defendants to bring to Your Honor's attention (1) a recent decision that bears upon an issue raised in Plaintiff's Answering Brief in Opposition to Defendants' Two Motions to Dismiss (D.I. 24) and (2) cases that refute an issue first raised in Plaintiff's Reply Brief in Further Support of His Motion for Summary Judgment ("Reply") (D.I. 68).

      First, defendants bring to the Court's attention the recent decision of *Fink v. Weill*, No. 02 Civ. 10250, 2005 WL 2298224 (S.D.N.Y. Sept. 19, 2005) (applying Delaware law). *Fink* was issued after defendants filed their demand futility reply, and it reaffirms that the standard enunciated by the Delaware Supreme Court in *Rales v. Blasband*, 634 A.2d 927 (Del. 1993), applies where, as here, a shareholder challenges in a derivative action something other than a specific action or decision of the board. *See Fink*, 2005 WL 2298224, at *3 & n.5. *See also Seminaris v. Landa*, 662 A.2d 1350, 1354 (Del. 1993). Under the *Rales* standard, only the first prong of the *Aronson* test is applicable. Thus, plaintiff must provide particularized allegations that "create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." *Rales*, 634 A.2d at 934. In *Fink*, the plaintiff-shareholder brought a derivative action alleging in part that the directors had violated Section 14(a) and breached their fiduciary duties with regard to the proxy statements issued for the annual election of directors. The Court applied the *Rales* standard, rather than the *Aronson* standard, because the plaintiff had failed to allege specific facts and circumstances indicating that the board had knowledge of the underlying violations and thus no specific decision or action of the board was challenged. *Fink*, 2005 WL

The Honorable Joseph J. Farnan, Jr.
October 6, 2005
Page 2

2298224, at *3 n.5. The court went on to hold that the plaintiff had failed to plead demand futility and dismissed the complaint. *Id.* at *3-4. For your convenience, a copy of the *Fink* decision is enclosed (Exhibit A hereto).

Second, in his Reply (at 5), Plaintiff cites for the first time *Ash v. LFE Corp.*, 525 F.2d 215 (3d Cir. 1975), for the proposition that he need not establish that the directors were negligent because his motion seeks only injunctive relief. We wish to direct the Court to additional case law that bears directly upon this issue. The Third Circuit held in a subsequent case, *Gould v. American-Hawaiian S.S. Co.*, 535 F.2d 761, 777-78 (3d Cir. 1976), that a plaintiff must show that the defendants acted *at least* negligently with respect to the facts in the proxy to prevail on a Section 14(a) claim. District courts within the Third Circuit have followed *Gould* and required a showing of at least negligence, even in cases where the plaintiffs seek only injunctive relief. *See Bolger v. First State Fin. Serv.*, 759 F. Supp. 182, 193 (D.N.J. 1991); *Bertoglio v. Texas Int'l Co.*, 488 F. Supp. 630, 634, 652 (D. Del. 1980). Moreover, *Ash* was limited to situations involving the shareholder franchise. *Ash*, 525 F.2d at 220 (case concerns only "injunctive relief directed to the integrity of the exercise of stockholder franchise"). Here, plaintiff's motion does not seek to preserve the shareholder franchise; rather it is directed solely toward enjoining payments under an executive compensation plan.

Thank you for your consideration of these matters. Should Your Honor have any questions, I am available at the Court's convenience.

Respectfully,

[signature]

Stephen C. Norman (Bar I.D. #2686)
snorman@potteranderson.com

SCN:mp/702239
Enclosure
cc:   Clerk of the District Court (By E-File)
      Francis G.X. Pileggi, Esquire (By E-File)
      A. Arnold Gershon, Esquire (By Email)