**BALLON STOLL BADER & NADLER, P.C.**
COUNSELLORS AT LAW          FOUNDED 1931

1450 Broadway, New York, NY 10018-2268
Tel: 212-575-7900   Fax: 212-764-5060
www.ballonstoll.com

Affiliate offices:
Hackensack, New Jersey
Philadelphia, Pennsylvania
Moscow, Russia

October 14, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court
For the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re:   Frank D. Seinfeld v. Craig R. Barrett, et al.
      D. Del., C.A. 05-298-JJF

Dear Judge Farnan:

We object to the letter from Stephen C. Norman to the court, dated October 6, 2005, and ask the court to strike it as not complying with Local Rule 7.1.2(c). The first case cited, *Fink v. Weill*, 2005 WL 2298224 (S.D.N.Y 2005) is not pertinent. It merely reiterates discussions in *Rales v. Blasband*, 634 A.2d 827 (Del. 1993) and *Seminaris v. Landa*, 662 A.2d 1350 (Del. 1993) that are inapplicable at bar. *Fink* held that demand was required because the plaintiff "essentially alleges that ... Defendants failed to take action to prevent" managerial misconduct, *3, and therefore there was no *decision* [emphasis in original] to form the basis of a challenged transaction. (FN 6.) By contrast, at bar the complaint alleges that the individual defendants solicited stockholder approval of a compensation plan by means of materially false and misleading proxy statement, and thereby violated § 14(a) of the Securities Exchange Act of 1934.

In *Fink*, the court addressed the § 14(a) claim and held that it failed because the injury allegedly flowed from the directors' wrongful conduct following their election, rather than from the stockholder vote itself. *Fink*, 2005 WL 2298224 at *5. This is hardly a new rule. It was enunciated some years ago by the Third Circuit in *General Electric Co. v. Cathcart*, 980 F.2d 927, 932-33 (3rd Cir. 1992).

The letter also makes further argument concerning culpability standards that Intel raised in its brief in opposition to plaintiff's motion for summary judgment. It cites *Ash v. LFE Corp.*, 525 F.2d 215 (3rd Cir. 1975) and argues that other cases that were not decided after their final brief applied a culpability standard of negligence. They cite *Gould v. American Hawaiian S.S. Co.*, 535 F.2d 761, 777-78 (3rd Cir. 1976), but there the lower court (this court) had awarded monetary damages. 535 F.2d at 769, 778. We submit that making such an argument under the guise of Local Rule 7.1.2.(c) is forbidden without "specific leave of the court." *Arasteh v. MBNA America Bank, N.A.*, 146 F.Supp.2d 476, 480 n.2 (D.Del. 2001).

Respectfully,

A. Arnold Gershon
Admitted Pro Hac Vice

cc:   Stephen C. Norman, Esq.
      Francis G.X. Pileggi, Esq.
.....INTEL\JJJFARNANLTR