IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANK R. SEINFELD,                    :
                                      :
        Plaintiff,                    :
                                      :
    v.                                :    Civil Action No. 05-298-JJF
                                      :
CRAIG R. BARRETT, CHARLENE            :
BARSHEFSKY, E. JOHN P.                :
BROWNE, D. JAMES GUZY, REED           :
E. HUNDT, PAUL S. OTELLINI,           :
DAVID S. POTTRUCK, JANE E.            :
SHAW, JOHN L. THORNTON, DAVID         :
B. YOFFIE, ANDREW S. GROVE,           :
and INTEL CORPORATION,                :
                                      :
        Defendants.                   :

Francis G.X. Pileggi, Esquire of
FOX ROTHCHILD, LLP, Wilmington, Delaware.
Attorney for Plaintiff.

Stephen C. Norman, Esquire of
POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware.
Attorney for Defendants.

**MEMORANDUM OPINION**

March 31, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendants' Motion To Dismiss Based Upon Failure To Comply With Rule 23.1 (D.I. 15), Defendants' Motion To Dismiss For Lack Of Jurisdiction Over The Subject Matter (D.I. 19), and Plaintiff's Motion For Summary Judgment (D.I. 5). For the reasons discussed, all Motions will be denied.

## Background

This derivative lawsuit relates to a Proxy Statement, issued by Defendants in March 2005, which discussed four proposals to be voted on by Intel Corporation's ("Intel") shareholders: the reelection of ten of the eleven board members, the approval a public accounting firm for the year, amendments to and extension of the 2004 Equity Incentive Plan, and amendments to and extension of the Executive Officer Incentive Program ("EOIP"). Plaintiff alleges that the Proxy Statement provided that if the shareholders approved the bonuses listed under the EOIP, the bonuses would be tax deductible; if the shareholders did not approve, however, the same bonuses would be given but they would not be deductible.

On May 16, 2005, Plaintiff filed his Complaint, alleging that Defendants violated Section 14(a) of the Securities Exchange Act of 1934 (and Rule 14a-9 promulgated thereunder) and breached their fiduciary duties under Delaware law. Specifically,

1

Plaintiff alleges that Defendants made false or misleading statements in the Proxy Statement by representing to the shareholders that the company would receive a tax deduction if the EOIP were approved. According to Plaintiff, there would be no deduction, regardless of whether the shareholders approved the EOIP, because the tax code does not allow a deduction where the same benefits will be given to the executive officers even if the shareholders do not approve the plan. Plaintiff further alleges that the Proxy Statement was false or misleading because material terms were omitted, specifically, the variables used and the amount of the bonuses for 2005.

On June 7, 2005, Plaintiff filed its Motion For Summary Judgment (D.I. 5). Defendants filed their motions to dismiss (D.I. 15, 19) on June 27, 2005.

### Parties' Contentions

By their first Motion (D.I. 15), Defendants contend that Plaintiff violated Federal Rule of Civil Procedure 23.1 and Delaware state law by failing to make a demand on the Board prior to filing this lawsuit. By their second Motion (D.I. 19), Defendants contend that the Court lacks subject matter jurisdiction because the claims are not ripe for review. Specifically, Defendants contend that the claims will not be ripe for review until payments are made under the 2005 EOIP, a tax deduction has been claimed, or the IRS rules that the deductions

2


would be improper. Finally Defendants contend that the Court should not grant Plaintiff's motion for summary judgment because "[t]here are multiple issues of fact affecting multiple elements of plaintiff's claims" and because Plaintiff is not entitled to judgment as a matter of law. (D.I. 26 at 2).

In response, Plaintiff contends that demand would have been futile due to the Directors' interest and lack of business judgment. Plaintiff further contends that the claims are ripe for review because the claims arose when the allegedly false or misleading statements were made to shareholders. Finally, Plaintiff requests that the Court grant summary judgment on all of its claims because he contends that there are no issues of fact and he is entitled to judgment as a matter of law.

## Discussion

### I. Whether Plaintiff Failed To Comply With Rule 23.1 And Delaware State Law By Failing To Make A Demand On The Board of Directors

Federal Rule of Civil Procedure 23.1 requires a plaintiff to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors...and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed. R. Civ. P. 23.1. Rule 23.1 only goes to the adequacy of a plaintiff's pleadings, however; "[t]he substantive requirements of demand are a matter of state law." Blasband v. Rales, 971 F.2d 1034, 1047 (3d Cir.

1992).

Under Delaware law, "the entire question of demand futility is inextricably bound to issues of business judgment and the standards of that doctrine's applicability." <u>Aronson v. Lewis</u>, 473 A.2d 805, 812 (Del. 1984) (overruled on other grounds). As a result, in considering whether demand would have been futile,

> [t]he trial court is confronted with two related but distinct questions: (1) whether threshold presumptions of director disinterest or independence are rebutted by well-pleaded facts; and, if not, (2) whether the complaint pleads particularized facts sufficient to create a reasonable doubt that the challenged transaction was the product of a valid exercise of business judgment.

<u>Levine v. Smith</u>, 591 A.2d 194, 205 (Del. 1990) (overruled on other grounds). These two inquiries are disjunctive, meaning that if either prong is met, demand is excused. <u>In re J.P. Morgan Chase & Co. S'holder Litig.</u>, No. 531-N, 2005 Del. Ch. LEXIS 51, at *28 (Del. Ch. Apr. 29, 2005).

Under the first prong, "directorial interest exists whenever divided loyalties are present, or where the director stands to receive a personal financial benefit from the transaction not equally shared by the shareholders." <u>Blasband</u>, 971 F.2d at 1048. A director lacks independence when a director's decision is based on extraneous influences, rather than the merits of the transaction. <u>Id</u>. In order for a court to find that demand is futile due to director interest or a lack of independence, a majority of the board of directors, or one-half of an evenly-

4

numbered board, must be interested or lack independence. <u>Beam v. Stewart</u>, 845 A.2d 1040, 1046 n.8 (Del. 2004).

If the first prong is not satisfied, there is a presumption that the board's actions were the product of a valid exercise of business judgment. <u>Id</u>. at 1049. Thus, to satisfy the second prong, a plaintiff must plead sufficient particularized facts to "raise (1) a reason to doubt that the action was taken honestly and in good faith or (2) a reason to doubt that the board was adequately informed in making the decision." <u>In re J.P. Morgan Chase & Co.</u>, 2005 Del. Ch. LEXIS 51, at *39 (quoting <u>In re Walt Disney Co. Derivative Litig.</u>, 825 A.2d 275, 286 (Del. Ch. 2003)) (citations omitted).

The Court concludes that Plaintiff has failed to plead particularized facts sufficient to overcome the presumption of director disinterest and independence. Plaintiff states that "[t]he entire board is neither disinterested nor independent since every member of the board is liable for violation of § 14(a) of the Exchange Act, Rule 14a-9, and Schedule 14A." (D.I. 1 at 3). The mere threat of personal liability for approving a board action, however, does not lead to the conclusion that a director is interested or lacks independence. <u>Aronson</u>, 473 A.2d at 815. Furthermore, Plaintiff has not alleged any other facts demonstrating that a majority of the Board is interested, nor has he refuted Defendants' contention that the Board of ten members

5

contains, at most, three interested members. (D.I. 16 at 3-4) ("Of Intel's ten current Directors, only one is an officer of the company, and only two are eligible to participate in the 2005 EOIP.").

While Plaintiff has failed to demonstrate that the directors are interested or lack independence, the Court concludes that Plaintiff has pleaded facts sufficient to raise a reason to doubt that the action was taken honestly and in good faith. In his Complaint, Plaintiff alleges that Defendants made a false or misleading statement when they promised tax deductions to shareholders in return for their approval of the EOIP, when, in fact, no tax deduction would result under 26 CFR 1.162-27(e)(4)(I). Plaintiff further alleges that Defendants misled shareholders when they omitted material terms, namely the variables used and the amount of the bonuses for 2005. These allegations could raise issues as to the honesty and good faith of the Directors. Accordingly, the Court concludes that demand on the Board would be futile, and the Court will, therefore, deny Defendants' Motion To Dismiss Based Upon Failure To Comply With Rule 23.1 (D.I. 15).

**II.  Whether The Court Should Dismiss Plaintiff's Complaint For Lack Of Jurisdiction Over The Subject Matter**

Having concluded that demand would be futile, the Court must determine whether the Court has subject matter jurisdiction over Plaintiff's claims.

Article III, Section 2 of the United States Constitution requires the existence of a justiciable case or controversy before a federal court may exercise jurisdiction over a matter. <u>Presbytery of New Jersey of the Orthodox Presbyterian Church v. Florio</u>, 40 F.3d 1454, 1462 (3d Cir. 1994). "One aspect of justiciability is ripeness which 'determines when a proper party may bring an action.'" <u>Philadelphia Fed'n of Teachers v. Ridge</u>, 150 F.3d 319, 323 (3d Cir. 1998) (quoting <u>Travelers Ins. Co. v. Obusek</u>, 72 F.3d 1148, 1154 (3d Cir. 1995)) (citations omitted).

The United States Supreme Court has established a two-part inquiry for determining whether a case is ripe for review. Under this two-part inquiry, a court must look to (1) "the fitness of the issues for judicial decision and [(2)] the hardship to the parties of withholding court consideration." <u>Abbott Labs. v. Gardner</u>, 387 U.S. 136, 149 (1967). Under the fitness inquiry, a court will consider whether the issues are legal or factual, whether the disputed action is final, whether the claim involves contingent events, and the adversarial nature of the parties' relationship. <u>Ridge</u>, 150 F.3d at 323. Under the hardship inquiry, a court looks to "whether the challenged action creates a 'direct and immediate' dilemma for the parties, such that the lack of pre-enforcement review will put the plaintiffs to costly choices." <u>Id</u>.

The Court concludes that this case is ripe for review.

7

First, the case is fit for judicial review. The parties are adverse; Plaintiff is a shareholder suing derivatively for false statements allegedly made by Defendants to shareholders. Additionally, the claim does not involve contingent or uncertain events, nor is the claim bound up in the facts. Defendants contend that the case will not be ripe for review until after there are payments under the 2005 EOIP, a tax deduction has been claimed, or the IRS rules that the deductions would be improper. The Court concludes, however, that if Section 14(a) and Rule 14a-9 were violated, they were violated by the making of the allegedly false and misleading statements in order to solicit shareholder approval. See General Elec. Co. v. Cathcart, 980 F.2d 927, 932 (3d Cir. 1992). There is no additional requirement that a defendant do anything beyond making the false statement.

Second, the Court finds there would be a great hardship to Plaintiff if the Court withholds consideration. The most significant hardship may be the expiration of the statute of limitations. The statute of limitations on claims filed pursuant Section 14(a) expires "one year after the plaintiff discovers the facts constituting the violation, and in no event more than three years after such violation." Westinghouse Elec. Corp. v. Franklin, 993 F.2d 349, 353 (3d Cir. 1993). If the Court delays this action until a tax deduction is claimed or is rejected by the IRS, the statute of limitations may run, and Plaintiff would

8

be unable to assert his claim. Additionally, the Court finds Plaintiff will be harmed if the Court withholds consideration, because the payments, approved by the shareholders due to the allegedly false or misleading statements, will be made in 2006.

Because this case is fit for judicial review and there will be a hardship to Plaintiff if the Court withholds consideration, the Court will deny Defendants' Motion To Dismiss For Lack Of Jurisdiction Over The Subject Matter (D.I. 19).

### III. Whether The Court Should Grant Plaintiff's Motion For Summary Judgment

Having concluded that Plaintiff did not fail to comply with Rule 23.1 and that the Court does not lack jurisdiction over the subject matter, the Court turns to Plaintiff's Motion For Summary Judgment (D.I. 5).

A.  Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead

9

Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

    B.   *Analysis*

        1.  *Plaintiff's Claims Under Section 14(a) Of The Securities Exchange Act Of 1934*

Plaintiff alleges that Defendants violated Section 14(a) of the Securities Exchange Act of 1934 by making false and misleading statements in the Proxy Statement. In order to prevail on his Section 14(a) claims, Plaintiff must prove that "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the

proxy solicitation itself, rather than a particular defect in the solicitation materials, was 'an essential link in the accomplishment of the transaction.'" Cathcart, 980 F.2d at 932.[1] The materiality of the misrepresentation or omission is determined by looking to whether "there is a substantial likelihood that a reasonable shareholder would find the fact significant in deciding how to vote." Id.

> a. Whether Plaintiff Is Entitled To Summary Judgment Under Section 14(a) For Defendants' Statement That Payments Under The EOIP Would Be Tax Deductible

The Proxy Statement provided that the purpose of the EOIP was to guarantee that compensation paid to executives over $1,000,000 would be tax deductible under Section 162(m) of the Internal Revenue Code. Section 162(m) provides a deduction for performance-based compensation in excess of $1,000,000, subject to several restrictions. D.I. 5, Ex. 2 at B-1; 26 U.S.C. § 162(m). This deduction is not available, however, if "the compensation would be paid regardless of whether the material terms are approved by shareholders." 26 C.F.R. § 1.162-

---

[1] The parties dispute the existence and extent of a "state of mind" requirement. Plaintiff contends that a mental state is not required because he seeks only an injunction, or alternatively, that only negligence is required to prove a violation of Section 14(a). Defendants contend that actual knowledge is required under a safe harbor provision for forward-looking statements. The Court concludes that it need not reach the question of a state of mind requirement because the motion for summary judgment will be denied on other grounds.

27(e)(4)(i).

Plaintiff contends that the Proxy Statement contained a false or misleading statement because it represented that compensation paid under the EOIP would be tax deductible when it would not be, because the executives would allegedly receive the bonus regardless of whether the shareholders approved the proposal. The Proxy Statement provided in pertinent part:

> If our stockholders do not approve the EOIP at the annual meeting, we will terminate the EOIP plan, and we will not pay any incentives under this plan for the 2005 performance year. However, we expect to make incentive payments to the executive officers in amounts similar to those that would have otherwise been paid under the EOIP; the difference is that we will lose a portion of the tax deductibility that would have otherwise been available to us. The Compensation Committee has not adopted a policy that all compensation paid must be tax-deductible and qualified under Section 162(m) of the Tax Code. If we cannot deduct incentives from our taxes, it will increase the overall cost of these incentive payouts to us and thus to our stockholders through reduced net income.

(D.I. 5, Ex. B at 39).

In arguing that summary judgment should be granted, Plaintiff primarily relies on the Third Circuit's decision in Shaev v. Saper, 320 F.3d 373 (3d Cir. 2003). In Shaev, the Proxy Statement at issue provided that the board of directors "may grant another bonus for fiscal year 2000, a portion of which may not be deductible under Section 162(m)" if the shareholders did not approve the executive compensation plan. (D.I. 5, Ex. 1 at 13). The Court, deciding a motion to dismiss, concluded that

12

this statement "undermined the deductibility of the bonus even if the shareholders approved it." Shaev, 320 F.3d at 381. Accordingly, the plaintiff had adequately alleged that the defendants made a false statement by promising a tax deduction if the shareholders approved the executive compensation plan. Id. at 384-85.

The Court concludes that summary judgment is not appropriate at this juncture. First, materiality is a "mixed question of law and fact," TSC Indus., Inc. v. Northway, Inc., 426 U.S. 450 (1976), and cannot be decided as a matter of law unless the omission is "so obviously important to the shareholder's decision that reasonable minds cannot differ on the question of materiality and the underlying facts and inferences to be drawn from those facts are free from controversy." Gould v. American Hawaiian Steamship Co., 535 F.2d 761, 771 (3d Cir. 1976). The Court is unable to conclude as a matter of law that tax deductibility was so obviously important that reasonable minds could not differ on the question of materiality.[2]

Second, the Court concludes that Shaev is distinguishable from this case because the allegedly false statements in the

---

[2] Defendants argue that the statement is immaterial because the amount of the tax deduction is small in relation to Intel's revenues for 2005. This is not the standard. The Court must look to whether the statement was material to the shareholder in making its decision, not to whether the amount was material in the overall scheme of company profitability.

13

Proxy Statement differ from those in <u>Shaev</u>. Furthermore, the Court cannot rely on <u>Shaev</u> to dispose of the issues here because <u>Shaev</u> involved a motion to dismiss and looked only to the adequacy of the plaintiff's pleadings. Here the Court is presented with a motion for summary judgment and, therefore, must look to the merits of the claims. Accordingly, the Court will deny Plaintiff's Motion For Summary Judgment on Plaintiff's claim that Defendants violated Section 14(a) by making a false statement pertaining to the tax deductibility of executive bonuses under the EOIP.

>  b. Whether Plaintiff Is Entitled To Summary Judgment Under Section 14(a) For Alleged Omissions From The Proxy Statement

Plaintiff's original claim was that Defendants violated Section 14(a) by omitting the three variables[3] used to determine the bonuses and the amount of the bonuses for 2005 from the Proxy Statement. In his reply brief, however, Plaintiff recognized that neither the EPS nor the amount of the bonuses for 2005 would be determined until the end of 2005. (D.I. 68 at 3-4). Thus, the Court will discuss Plaintiff's claim in light of the other omitted variables.

The Court concludes that summary judgment cannot be granted.

---

[3] The three variables are the earnings per share ("EPS"), annual incentive baseline amounts, and annual factor for each executive officer. These three variables are used in a mathematical formula to determine the amount of the qualified executive officers' bonuses each year.

As discussed above, materiality is a mixed question of law and fact. The Court is unable to conclude that the variables were so obviously important that reasonable minds could not differ on their materiality, particularly because the terms were defined and were provided for other years.

Additionally, the Code of Federal Regulations gives a non-exhaustive list of material terms including:

> the employees eligible to receive compensation; a description of the business criteria on which the performance goal is based; and either the maximum amount of compensation that could be paid to any employee or the formula used to calculate the amount of compensation to be paid to the employee if the performance goal is attained.

26 C.F.R. § 1.162-27(e)(4)(i). The Proxy Statement provides for each of these terms: the employees eligible to receive compensation are Intel's executive officers; the EOIP includes the formula for calculating the bonuses; and the maximum amount of compensation that can be provided to any employee is $5,000,000. The Court cannot determine as a matter of law whether there were other material terms requiring inclusion. Accordingly, the Court will deny Plaintiff's Motion For Summary Judgment on Plaintiff's claim that Defendants violated Section 14(a) by omitting certain variables for the year 2005 from the Proxy Statement.

    2.   *Plaintiff's Claim For Breach Of Fiduciary Duty*

Plaintiff contends that the false and misleading statements

15

also give rise to a claim for breach of fiduciary duty. "Under Delaware law, a board of directors is under a fiduciary duty to disclose fully and fairly all material information within the board's control when seeking shareholder action. This disclosure obligation clearly attaches to proxy statements." State of Wisconsin Inv. Bd. v. Peerless Sys. Corp., No. 17657, 2000 Del. Ch. LEXIS 170, *58 (Del. Ch. December 4, 2000) (citing Stroud v. Grace, 606 A.2d 75, 84 (Del. 1992)). Because the Delaware Supreme Court has adopted the same standard for materiality as that established by the United States Supreme Court in TSC Industries, materiality is a mixed question of law and fact. Rosenblatt v. Getty Oil Co., 493 A.2d 929, 944 (Del. 1985). As discussed above, the Court concludes that a determination of materiality in this case is inappropriate for consideration on summary judgment. Accordingly, the Court will deny Plaintiff's Motion For Summary Judgment (D.I. 5).

## Conclusion

For the reasons discussed, Plaintiff's Motion For Summary Judgment (D.I. 5), Defendants' Motion To Dismiss Based Upon Failure To Comply With Rule 23.1 (D.I. 15), and Defendants' Motion To Dismiss For Lack Jurisdiction Over The Subject Matter (D.I. 19) will all be denied.

An appropriate Order will be entered.