IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK D. SEINFELD,<br><br>           Plaintiff,<br><br>      -against-<br><br>CRAIG R. BARRETT, CHARLENE<br>BARSHEFSKY, E. JOHN P. BROWNE,<br>D. JAMES GUZY, REED E. HUNDT,<br>PAUL S. OTELLINI, DAVID S. POTTRUCK,<br>JANE E. SHAW, JOHN L. THORNTON,<br>DAVID B. YOFFIE, ANDREW S. GROVE, and<br>INTEL CORPORATION,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.: 05-298<br>)<br>)<br>)   Jury Trial Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

Defendants, by and through their undersigned counsel, hereby submit their Answer to Plaintiff's Verified Complaint as follows:

1.  This paragraph purports to state a legal conclusion to which no response is required. To the extent response is required, Defendants deny the allegations in this paragraph.

2.  This paragraph purports to state a legal conclusion to which no response is required. To the extent response is required, Defendants deny the allegations in this paragraph.

3.  Defendants admit that the Complaint purports to assert a shareholder derivative action on behalf of Intel Corp. ("Intel"), a Delaware Corporation. Defendants further admit that Intel's Proxy Statement distributed March 29, 2005 ("Proxy"), solicited approval of Intel's 2005 Executive Officer Compensation Incentive Plan as Amended and Restated effective May 18, 2005 (the "EOIP"), at the 2005 annual meeting of the stockholders of Intel. Except as so admitted, Defendants deny the allegations in this paragraph.

4. This paragraph purports to state legal conclusions to which no response is required. To the extent response is required, Defendants deny the allegations in this paragraph.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny said allegations.

6. Defendants admit Plaintiff has failed to make demand upon the board of directors of Intel. Except as so admitted, Defendants deny the allegations in this paragraph.

7. Defendants deny the allegations in this paragraph.

8. Defendants admit the allegations in this paragraph.

9. Defendants admit the allegations in this paragraph.

10. Defendants admit the allegations in this paragraph.

11. Defendants admit the allegations in this paragraph.

12. Defendants admit that at the time the Complaint was filed on May 17, 2005, all of the individual defendants were members of Intel's board of directors. Except as expressly admitted, Defendants deny the allegations in this paragraph.

13. Defendants deny the allegations in this paragraph.

14. Defendants admit that the Proxy speaks for itself and respectfully refer the Court to the Proxy for its true and accurate meaning. Except as so admitted, Defendants deny the allegations in this paragraph.

15. Defendants deny the allegations in this paragraph.

16. Defendants deny the allegations in this paragraph.

17. Defendants deny the allegations in this paragraph.

18. Defendants admit that the EOIP is detailed in the Proxy and respectfully refer the Court to the Proxy for its true and accurate meaning. Except as so admitted, Defendants deny the allegations in this paragraph.

19. Defendants admit that the Proxy speaks for itself and respectfully refer the Court to the Proxy for its true and accurate meaning. Except as so admitted, Defendants deny the allegations in this paragraph.

20. Defendants admit the first sentence of this paragraph accurately quotes the Proxy. As to the second sentence, Defendants admit the Proxy speaks for itself and respectfully refer the Court to the Proxy for its true and accurate meaning. Except as so admitted, Defendants deny the allegations in this paragraph.

21. Defendants admit that the Proxy speaks for itself and respectfully refer the Court to the Proxy for its true and accurate meaning. Except as so admitted, Defendants deny the allegations in this paragraph.

22. Defendants admit that the EOIP is detailed in the Proxy and respectfully refer the Court to the Proxy for its true and accurate meaning. Except as so admitted, Defendants deny the allegations in this paragraph.

23. Defendants admit that the Proxy speaks for itself and respectfully refer the Court to the Proxy for its true and accurate meaning. Except as so admitted, Defendants deny the allegations in this paragraph.

24. Defendants deny the allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. The first and second sentence of this paragraph purport to state legal conclusions to which no response is required. To the extent response is required, Defendants deny the allegations in these two sentences. Defendants further deny the remaining allegations of this paragraph.

27. Defendants deny the allegations in this paragraph.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint and each claim alleged therein is barred due to Plaintiffs' lack of standing and/or failure to make a demand on Intel's board of directors.

## THIRD DEFENSE

Each claim alleged in the Complaint is not sufficiently ripe and/or does not amount to a justiciable controversy.

## FOURTH DEFENSE

The Complaint is barred and Defendants cannot be held liable under Section 14(a) of the Securities Exchange Act of 1934 insofar as Defendants, and each of them, acted in good faith, without knowledge or the requisite intent to mislead, and/or without knowledge of the alleged falsity of any representations made.

## FIFTH DEFENSE

Defendants allege that they possessed and relied upon a reasonable basis to substantiate that the alleged representations, at the time they were made, were true.

## SIXTH DEFENSE

Defendants were entitled to, and did, reasonably and in good faith rely upon the work and conclusions of other professionals, management and employees.

## SEVENTH DEFENSE

The Complaint is barred by the absence of any damages to plaintiffs caused by any alleged misconduct by any Defendant.

## EIGHTH DEFENSE

The Complaint and each claim alleged therein is vague, ambiguous, and uncertain.

## NINTH DEFENSE

Plaintiff's claim, to the extent it seeks damages, is barred by the provision of 8 Del. C. § 102(b)(7).

## TENTH DEFENSE

Additional facts may be revealed by future discovery which support additional defenses presently available to, but unknown to, Defendants at this time. Therefore, Defendants reserve the right to assert such additional defenses arising in fact or in law as may be ascertained during the course of proceedings.

WHEREFORE, Defendants respectfully request judgment granting the following relief:

(a) dismissing the Complaint against Defendants with prejudice; and

(b) granting Defendants such other and further relief as this Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael D. Torpey
James N. Kramer
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
(415) 773-5700

By: /s/ Stephen C. Norman
Stephen C. Norman (#2686)
Hercules Plaza
P.O. Box. 951
Wilmington, DE 19899-0957
(302) 984-6000
snorman@potteranderson.com

Attorneys for defendants Craig R. Barrett, Charlene Barshefsky, E. John P. Browne, D. James Guzy, Reed E. Hundt, Paul S. Otellini, David S. Pottruck, Jane E. Shaw, John L. Thornton, David B. Yoffie, Andrew S. Grove, and nominal defendant Intel Corporation

Dated: April 14, 2006
728217

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I do hereby certify that, on April 14, 2006, the within document was filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF**

Francis G.X. Pileggi, Esquire
Sheldon K. Rennie, Esquire
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, Delaware  19801

/s/ Stephen C. Norman
Stephen C. Norman (#2686)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
E-mail: snorman@potteranderson.com