

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Stephen C. Norman
Partner
Attorney at Law
snorman@potteranderson.com
302 984-6038 Direct Phone
302 658-1192 Fax

April 25, 2006

**VIA E-FILE**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:    Frank D. Seinfeld v. Craig R. Barrett, et al.,
               D. Del., C.A. 05-298-JJF

Dear Judge Farnan:

      We submit the following on behalf of defendants in the above-captioned action. The parties have agreed on most of the provisions of the Rule 16 Scheduling Order, but have not been able to reach an agreement regarding the case schedule in one material respect. The parties disagree about whether plaintiff should be permitted to take 80 depositions in this action. Because the parties cannot reach an agreement on this issue, I am submitting defendants' form of Rule 16 Scheduling Order as Exhibit A. For the reasons set forth below, defendants request that this Court enter their form of Rule 16 Scheduling Order, or, in the alternative, hold a conference to discuss scheduling.

      As Your Honor may recall, this is not a complicated case requiring extensive discovery. To the contrary, the only issue in this case is whether the director defendants violated Rule 14A and/or their fiduciary duties by making certain statements in Intel's 2004 Proxy Statement regarding the EOIP that were allegedly false and misleading. Despite the simple nature of this case, plaintiff has proposed to take 80 depositions. If plaintiff's request is granted, he plans to take the deposition of every director and virtually every executive officer of Intel, as well as 46 other Intel employees and its accountants and compensation consultants. A list of plaintiff's proposed deponents is attached as Exhibit B.

      Such a request should be rejected. Plaintiff's claims are relatively simple, and turn on the alleged falsity of the Proxy Statement or what the directors knew at the time the Proxy Statement was issued; knowledge and actions of the other individuals is largely irrelevant.

The Honorable Joseph J. Farnan, Jr.
April 25, 2006
Page 2

Although more depositions than just the directors might be appropriate, there is simply no justification for plaintiff's threat to take 80 depositions other than harassment—and plaintiff has offered Intel no reason for such an excessive number of depositions. We suggest that a more appropriate approach is to permit the parties to take 25 depositions and for plaintiff to seek leave of court and make a showing of good cause if he believes additional depositions are necessary.

      For the foregoing reasons, defendants respectfully request that the Court enter their form of order. In the alternative, defendants request that the Court schedule a conference in order to resolve the competing forms of Rule 16 Scheduling Order.

Respectfully,

*/s/ Stephen C. Norman*

Stephen C. Norman (I.D. #2686)
snorman@potteranderson.com

SCN/dxb:729246v4
Enclosures
cc:    Clerk of the Court w/encs (By E-File and Hand Delivery)
        Francis G. X. Pileggi, Esquire w/encs (By E-File)