IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| FRANK D. SEINFELD,<br><br>          Plaintiff,<br><br>   v.<br><br>CRAIG R. BARRETT, CHARLENE BARSHEFSKY, E. JOHN P. BROWNE, D. JAMES GUZY, REED E. HUNDT, PAUL S. OTELLINI, DAVID S. POTTRUCK, JANE E. SHAW, JOHN L. THORNTON, DAVID B. YOFFIE, ANDREW S. GROVE, and INTEL CORPORATION,<br><br>          Defendants. | Case No. 05-298 (JJF) |

## [*STIPULATED*] PROTECTIVE ORDER

OF COUNSEL:

Michael D. Torpey
James N. Kramer
Amy M. Ross
Shirley Chang
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

Stephen C. Norman (#2686)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0957
(302) 984-6000

Attorneys for defendants Craig R. Barrett, Charlene Barshefsky, E. John P. Browne, D. James Guzy, Reed E. Hundt, Paul S. Otellini, David S. Pottruck, Jane E. Shaw, John L. Thornton, David B. Yoffie, Andrew S. Grove, and nominal defendant Intel Corporation

The Court finds that this action may involve trade secrets and other valuable research, development, commercial, personal, financial, and technical proprietary information that is regarded by the parties as confidential. To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to *Federal Rule of Civil Procedure 26(c)* and for good cause shown,

IT IS HEREBY ORDERED THAT:

1.  <u>Information Subject to This Order</u>

    (a)     <u>Designation of Protected Information</u>

The word "document" has the broadest meaning provided by the Federal Rules of Civil Procedure and the Federal Rules of Evidence and as used herein shall include, but is not limited to, electronically stored data and other compilations from which information can be obtained and translated, if necessary. The word "party" includes any party to this action and all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff). If any document, thing, deposition testimony, interrogatory answer, response to requests for admission and/or production, or other information provided in discovery in this action ("Discovery Material[s]"), contains confidential or proprietary information, as described in Paragraph 1(b), (c), or (d) below, the producing party may designate such Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL (collectively, "Confidential Information"), in the manner described below. Any such designation shall constitute a representation that such

Discovery Material has been reviewed by an attorney for the designating party and that there is a good faith belief that the designation is valid.

(i)    <u>Documents and Other Tangible Materials</u>

The designation of Discovery Material in the form of documents, discovery responses, or other tangible materials other than depositions or other pre-trial testimony shall be made by the designating party by conspicuously affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page containing information to which the designation applies. To the extent practical, the legend shall be placed near the Bates number identifying the Discovery Material. In the case of magnetic disks or other computer-related media, the label may be designated on the disk and/or cover. In the event anyone other than the producing party generates a "hard copy" or printout from any disk so designated, each page of the hard copy or printout must be returned immediately to be stamped and treated pursuant to the terms of this Protective Order. If a document has more than one designation, the more restrictive or higher confidential designation applies.

(ii)    <u>Nontangible Materials</u>

All Discovery Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in Paragraph 1(a)(i) above shall be designated by the producing party by informing the receiving party in writing.

(iii)    <u>Deposition Testimony and Transcripts</u>

Any party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL information that is disclosed at a deposition in this action by indicating on the record at the deposition that the testimony is CONFIDENTIAL or HIGHLY CONFIDENTIAL and is subject

to the provisions of this Protective Order. Any party may also designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL by notifying the court reporter and all of the parties, in writing and within thirty days after receipt of the deposition transcript, of the specific pages and lines of the transcript that should be treated thereafter as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody, or control. All deposition transcripts shall be treated as HIGHLY CONFIDENTIAL for at least a period of thirty days after receipt of the transcript. Documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be retained by the court reporters and court staff for purposes of reproduction, subject to the provisions of this Protective Order.

> (iv)    Inadvertent Production of Nondesignated Confidential Information

If a party or nonparty through inadvertence produces any Confidential Information without labeling, marking, or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing party or nonparty may give written notice to the receiving party that the information, document, or thing produced is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order. The receiving party must treat such documents according to their most recent designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL from the date such notice is received. If, before receiving such notice, the receiving party has disclosed such nondesignated information to persons who would not have been entitled to receive it under this Protective Order, the receiving party must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such information and to prevent further disclosure.

(b)    Confidential Information

Information, documents, or things the designating party believes in good faith is not generally known to others, and which the designating party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, is designated as CONFIDENTIAL. Information may be designated as CONFIDENTIAL for purposes of this Protective Order if the producing party in good faith considers it to constitute or to contain trade secrets or other confidential research, development, or commercial information. CONFIDENTIAL information shall include all information, documents, and things referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing and shall be designated as such in the manner described in Paragraph 1(a).

(c)    Highly Confidential Information

Information, documents, and things the designating party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the designating party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, is designated as HIGHLY CONFIDENTIAL. The designation is reserved for information that constitutes proprietary, financial, technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current Nondisclosure

Agreement ("NDA"), information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Any document designated as "HIGHLY CONFIDENTIAL" information is automatically designated as subject to a PROSECUTION BAR in Paragraph 5(c). HIGHLY CONFIDENTIAL information shall include all information, documents, and things referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Paragraph 1(a).

        (d)    <u>Information Not Covered by This Order</u>

No information shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL if it is information that:

        (i)    is in the public domain at the time of disclosure; or

        (ii)    becomes part of the public domain as a result of publication not involving a violation of this Protective Order; or

        (iii)    the receiving party can show was in its rightful and lawful possession at the time of disclosure; or

        (iv)    the receiving party lawfully received from a nonparty without restriction as to disclosure, provided such nonparty has the right to make the disclosure to the receiving party; or

        (v)    the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

(e)    Nonparty Designations

Nonparties who produce information in this action may avail themselves of the provisions of this Protective Order, and such information produced by nonparties shall be treated by the parties in conformance with this Protective Order. A nonparty's use of this Protective Order for its Confidential Information does not entitle that nonparty to have access to Confidential Information produced by any party in this case.

2.    Challenges to Designations

The parties and any nonparty producing documents pursuant to this Protective Order shall use reasonable care when designating Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Nothing in this Protective Order shall prevent a receiving party from contending that any Discovery Material has been improperly designated hereunder. If any party disagrees with the producing party's designation of any Discovery Material, then the parties initially shall try to resolve the dispute on an informal basis. If the parties are unable to resolve such a dispute informally, the party disagreeing with the designation may apply to the Court for relief. The party asserting confidentiality will bear the burden of proving confidentiality upon any such application. Any disputed information shall be treated as designated by the producing party and subject to the protection of this Protective Order unless and until the Court determines otherwise. No party shall be obligated to challenge the propriety of a designation, and a failure to do so shall not constitute an admission that any item or information is appropriately designated, nor preclude a later challenge to the propriety of such designation. Notwithstanding the foregoing, should a party believe that documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL should be shown to someone not otherwise provided in this Protective Order, the parties shall meet and confer in good faith in an attempt to resolve the issue

on an informal basis. If the parties are unable to resolve this dispute informally, the party challenging the designation may apply to the Court for relief. Any disputed information shall be treated as designated by the producing party and subject to the protection of this Protective Order unless and until the Court determines otherwise.

       3.    <u>Inspection of Discovery Materials</u>

Any Discovery Material made available for inspection by counsel for the receiving party shall initially be considered to be HIGHLY CONFIDENTIAL and shall be subject to this Protective Order even though no formal confidentiality designation has yet been made. Thereafter, the producing party shall have a reasonable time to review and designate the inspected Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL prior to furnishing copies to the receiving party.

       4.    <u>General Limitations on Disclosure and Use of Protected Information</u>

          (a)    CONFIDENTIAL or HIGHLY CONFIDENTIAL information and the substance and content thereof, including any notes, memoranda, or other similar documents relating thereto, shall be used by a receiving party solely for the purpose of this litigation and not for any other purpose whatsoever, including, without limitation, any other litigation, business, governmental, or regulatory purpose or function, except as may be required by any court order or subpoena of any administrative or legislative body. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to storage, custody, or use of such information in order to ensure that the confidential nature of the information is maintained. If Confidential Information is disclosed or comes into the possession of any person other than in the manner authorized by this Protective Order, any party having knowledge of the disclosure

must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such information and to prevent further disclosure.

(b)    If a receiving party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the receiving party must so notify the designating party, in writing (by fax) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Information. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

    5.    <u>Limitations on Access to Protected Information</u>

        (a)    <u>Access to Confidential Information</u>

CONFIDENTIAL information shall not be disclosed other than as authorized in this Protective Order and may be disclosed only to:

            (i)    The Court and its personnel.

            (ii)    The parties of record.

(iii)    Outside counsel for each party, as well as paralegals, administrative assistants, secretaries, and other members of the clerical and administrative staff ("Support Staff") who work for such counsel and whose functions require access to information designated CONFIDENTIAL.

(iv)    In-house counsel for each party and Support Staff who work for such counsel and whose functions require access to information designated CONFIDENTIAL.

(v)    Outside experts or outside consultants (collectively, "Experts") with whom counsel deem it necessary to consult concerning technical, financial, or other aspects of this case to prepare for trial.  Should a receiving party find it necessary for maintaining, defending, or evaluating this litigation to disclose a producing party's CONFIDENTIAL information to an Expert, the receiving party shall first give written notice to the producing party. As part of the written notice, the party seeking to disclose CONFIDENTIAL information to an Expert shall, without disclosing the identity of the Expert, provide a curriculum vitae of such individual and shall provide the following information:

(1)    nature of the individual's business or profession;

(2)    any previous current relationship (personal or professional) with any of the parties; and

(3)    a listing of other cases in which the individual has testified (at trial or deposition), and all companies for which the individual has consulted or been employed by, within the past four years.

The party receiving such notice shall have seven days after notice is given (plus three days if notice is given other than by hand delivery, email, or facsimile transmission) to object in writing. No CONFIDENTIAL information shall be disclosed to such Expert until after the expiration of

the foregoing notice period, provided no objection is received. If an objection is made, the parties shall, within fifteen (15) days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. If the parties cannot resolve the dispute, or if the conference does not take place, then, within fifteen (15) days from the date of the conference or within thirty (30) days from the date of the mailing of notice of objection, the objecting party may move the Court for an order that access to information designated CONFIDENTIAL be denied to the designated person, or other appropriate relief. These time periods are not to restrict either party from moving for a court order earlier if the circumstances so require. Unless and until the Court determines otherwise, no disclosure of any such designated information shall be made by the receiving party to any Expert with respect to whom an objection has been made. No document designated as CONFIDENTIAL shall be disclosed by a receiving party to an Expert until the Expert has signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its terms. Such written agreement shall be retained by counsel for the party that retained the Expert, but need not be disclosed to any other party.

(vi)    Employees, officers, and directors of a receiving party who have responsibility for maintaining, defending, or evaluating this litigation (and supporting personnel). This paragraph does not permit any information subject to the Prosecution Bar of Paragraph 5(c) below to be shown to any employee, officer, or director. No document designated as CONFIDENTIAL shall be disclosed by a receiving party to a party employee, officer, or director until the individual has signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be

bound by its terms. Such written agreement shall be retained by counsel for the receiving party and must be disclosed to the producing party within seven days after execution.

        (b)    Access to Highly Confidential Information

HIGHLY CONFIDENTIAL information shall not be disclosed other than as authorized in this Protective Order and may be disclosed only to:

        (i)    The Court and its personnel.

        (ii)    Outside counsel for each party and Support Staff who work for such counsel and whose functions require access to information designated HIGHLY CONFIDENTIAL.

        (iii)    In-house counsel for each party and Support Staff who work for such counsel and whose functions require access to information designated HIGHLY CONFIDENTIAL.

        (iv)    Experts with whom counsel deem it necessary to consult concerning technical, financial, or other aspects of this case to prepare for trial. An Expert's access to HIGHLY CONFIDENTIAL information shall be subject to the terms provided for in Paragraph 5(a)(v), including the notice-and-objection provisions and the requirement that the Expert execute the Confidentiality Agreement attached hereto as Exhibit A.

        (c)    Prosecution Bar

Any document designated HIGHLY CONFIDENTIAL is automatically designated as subject to a PROSECUTION BAR. Any person who receives any such document shall not have any involvement in the prosecution of any patent applications filed, or claiming priority from any application filed, prior to one year following the entry of a final nonappealable judgment or order or the complete settlement of all claims against all parties in this action.

(d)     Access by Service Vendors and Graphics/Trial Consultants

Despite the access restrictions set forth in Paragraphs 5(a), (b), (c), and (d), but otherwise subject to the requirements set forth in this Protective Order, CONFIDENTIAL or HIGHLY CONFIDENTIAL information of a producing party, and such copies as are reasonably necessary for maintaining, defending, or evaluating this litigation, may be furnished and disclosed to: (i) service vendors, including without limitation data processing vendors and copy services; (ii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; (iii) non-technical jury or trial consulting services, including mock jurors; or (iv) other retained counsel who have not entered an appearance in the lawsuit. The term "data processing vendor" means any person (and supporting personnel) who is a member or staff of an outside data entry or data processing entity employed or retained by a receiving party or its counsel and who is assisting in the development or use of data retrieval systems in connection with this action. Any counsel given access under this paragraph: (i) must not have a degree in computer engineering, physics or computer programming, and (ii) must not be a member of the Bar of the Patent and Trademark Office, engaged in the practice of applying for patents in any country, or engaged in issuing formal opinions for use in litigation on patents. Before disclosing any protected information to any person or service described in this paragraph, counsel for the receiving party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Exhibit A. Such written agreement shall be retained by counsel for the receiving party, but need not be disclosed to the producing party until the conclusion of the case.

(e)    Transmittal of Protected Information

Nothing in this Protective Order shall prohibit the transmission or communication of CONFIDENTIAL or HIGHLY CONFIDENTIAL information between or among qualified recipients:  (i) by hand delivery; (ii) in sealed envelopes or containers via the mails or an established overnight, freight, delivery, or messenger service; or (iii) subject to subsection (g) below, by telephone, facsimile, or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

(f)    Internet Connection Accessibility

The parties agree that materials marked HIGHLY CONFIDENTIAL shall not be accessible over an Internet connection, except that each Counsel of Record may maintain a document database available via a secure private network but only if the database is hosted on a secure computer located on the premises of the Counsel of Record and maintained under the exclusive control of the Counsel of Record.  Such a document database shall be made accessible only to Counsel of Record and to its employees administering the database.

6.    Exceptions to Limitations on Disclosure

Nothing herein shall prevent disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information:  (a) by the producing party to anyone else; (b) by the receiving party to an officer or employee of the producing party; (c) by a party to any person, whether or not affiliated with the producing party at the time of disclosure, who either authored the Confidential Information, in whole or in part, or who has independently received the Confidential Information other than through a means constituting a breach of this Protective Order; or (d) to any person who is reasonably identified as previously having had access to the

Confidential Information, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, and other than through a means constituting breach of this Protective Order.

      7.    <u>Filing Under Seal</u>

All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents or material submitted to the Court that contain or disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words: "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" and a statement substantially in the following form: "This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof displayed or revealed except by order of the Court presiding over this matter." In addition, the first page of any documents filed under seal shall include the conspicuous legend: "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

If any person fails to file protected documents or information under seal, the producing party or any party claiming confidentiality for the documents or information may request that the Court place the filing under seal.

      8.    <u>Use at Depositions</u>

Except as otherwise ordered by the Court, any deposition or trial witness may be examined and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)    A producing party and a present director, officer, and/or employee of a producing party may be examined and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL information that has been produced by that party.

(b)    A former director, officer, and/or employee of a producing party may be interviewed, examined, and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL information of which such person has prior knowledge, including any CONFIDENTIAL or HIGHLY CONFIDENTIAL information that refers to matters of which the witness has personal knowledge, which has been produced by that party, and which pertains to the time period or periods of such witness's employment or service.

(c)    Nonparties may be examined or testify concerning any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information of a producing party that appears on its face or from other documents or testimony to have been received from, or communicated to, the nonparty as a result of any contact or relationship with the producing party, or a representative of such producing party.  Any person other than the witness, his or her counsel, and any person qualified to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL information under this Protective Order shall be excluded from the portion of the examination concerning such information, absent the consent of the producing party.  If the witness is represented by an attorney who is not qualified under this Protective Order to receive Confidential Information, then prior to the examination, the attorney shall provide a signed Confidentiality Agreement, in the form attached hereto as Exhibit A, declaring that he or she will comply with the terms of this Protective Order and maintain the confidentiality of CONFIDENTIAL or HIGHLY CONFIDENTIAL information disclosed during the course of the examination.  If such attorney declines to sign such a Confidentiality Agreement before the

examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

(d)    In addition to the restrictions on the uses of all types of Confidential Information set forth in this Protective Order, the following shall apply to CONFIDENTIAL or HIGHLY CONFIDENTIAL information used at a deposition:

(i)    A witness who previously had access to a document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL but who is not under a present nondisclosure agreement with the producing party that applies to the document, may be shown the document if (1) a copy of this Protective Order is attached to any subpoena, notice, or request served on the witness for the deposition, and (2) the witness is advised on the deposition record of the existence of the Protective Order and its requirement that the parties keep confidential any questions, testimony, or documents that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

(ii)    Witnesses may not copy, take notes on, or retain copies of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information used or reviewed at a deposition. A witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL or HIGHLY CONFIDENTIAL. The producing party of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information used at a deposition may also require that the transcript and exhibits not be copied by the witness or his or her counsel, that no notes be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of

the counsel representing a party in this case under the supervision of one of the lawyers bound by the terms of the Protective Order).

9.    Inadvertent Production of Work Product or Privileged Documents

Inspection or production of Discovery Material shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from discovery, if the documents appear on their face to have been inadvertently produced, or if within ten days after learning of the inadvertent production, the producing party designates such documents as being protected from disclosure by an applicable privilege or immunity. Upon a reasonable request by the receiving party as to whether a document was inadvertently produced, the producing party shall have ten days to respond. The producing party's response shall state whether the document was inadvertently produced and, if applicable, designate the document as within the attorney-client privilege, work product protection or other applicable privilege or immunity. The receiving party shall immediately (and within two business days) return to the producing party all copies of such documents. Nothing herein shall prevent the receiving party from challenging the propriety of the producing party's assertion of a privilege or immunity with respect to a document, by reason of the claimed inadvertent disclosure or on other grounds, by filing an appropriate motion with the Court.

10.    Stipulations or Additional Relief from the Court

The parties may, by stipulation, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Discovery Material or relief from this Protective Order with respect to particular material designated as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

11.    Return of Documents

(a)    General Obligation to Return or Destroy Confidential Information

Within sixty days after entry of a final, nonappealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall: (i) at its option, either return to the producing party or destroy all physical objects and documents received from the producing party that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL; and (ii) shall destroy in whatever form stored or reproduced, all other physical objects and documents (including but not limited to correspondence, memoranda, notes, and other work product materials) that contain or refer to CONFIDENTIAL or HIGHLY CONFIDENTIAL information; provided, however, that counsel shall be entitled to maintain for its files copies of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial.

(b)    Obligation to Retrieve Confidential Information Disclosed to Others

Each party's obligation to return or destroy Confidential Information received from another party extends to Confidential Information the receiving party disclosed to others pursuant to this Protective Order.  Within sixty days after entry of a final, nonappealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each such receiving party shall inform any producing party in writing of: (i) any Confidential Information (and any documentary materials containing information derived from Confidential Information) that, to the party's knowledge, has not been returned and/or destroyed in the manner required by this Protective Order; and (ii) the identity of any person who has failed to return and/or destroy such Confidential Information or derivative material.

12.    <u>Injunctive Relief</u>

The parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved party does so, any respondent who is subject to the provisions of this Protective Order may not employ as a defense that the aggrieved party possesses an adequate remedy at law.

13.    <u>Survival of Order</u>

The terms of this Protective Order shall survive the final termination of this action to the extent that any CONFIDENTIAL or HIGHLY CONFIDENTIAL information is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order. The parties agree that any order of dismissal of the Action as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each party hereby consents to the personal jurisdiction of the Court for that purpose.

14.    <u>Treatment Prior to Entry of Order</u>

Each party agrees to be bound by the terms of this Protective Order as of the date it executed the Order below, even if prior to entry of the Order by the Court.

SO ORDERED this ____ day of _____, 20__.

_____
UNITED STATES DISTRICT JUDGE

STIPULATED TO BY:
OF COUNSEL:

A. Arnold Gershon
BALLON STOLL BADER & NADLER, P.C.
1450 Broadway, 14th Floor
New York, New York 10018


Dated: October 27, 2006

FOX ROTHSCHILD LLP

By:  /s/ Francis G.X. Pileggi
     Francis G.X. Pileggi (#2624)
     919 N. Market St., Ste. 1300
     Wilmington, DE 19801
     (302) 655-3667


Attorneys for Plaintiff Frank D. Seinfeld


OF COUNSEL:


Michael D. Torpey
James N. Kramer
Amy M. Ross
Shirley Chang
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700


Dated: October 27, 2006

POTTER ANDERSON & CORROON LLP

By:  /s/ Stephen C. Norman
     Stephen C. Norman (#2686)
     Hercules Plaza
     P.O. Box. 951
     Wilmington, DE 19899-0957
     (302) 984-6000

Attorneys for defendants Craig R. Barrett,
Charlene Barshefsky, E. John P. Browne, D.
James Guzy, Reed E. Hundt, Paul S. Otellini,
David S. Pottruck, Jane E. Shaw, John L.
Thornton, David B. Yoffie, Andrew S.
Grove, and nominal defendant Intel
Corporation

**Exhibit A**

**Confidentiality Agreement**

I, _____, hereby certify:

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I agree to keep confidential all information provided to me in the matter of Seinfeld v. Barrett, et al, United States District Court for the District of Delaware Case No. 05-298, and to be subject to the personal jurisdiction and authority of the United States District Court for the District of Delaware in the event of any violation of this agreement or dispute related to this agreement.

5.    I have been informed of and/or read the *[Stipulated]* Protective Order ("Order") dated *[DATE]*, and understand its contents and confidentiality requirements. I will not divulge any confidential information to persons other than those specifically authorized by said Order.

6.    I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____.

_____