IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK D. SEINFELD,<br><br>              Plaintiff,<br><br>      v.<br><br>CRAIG R. BARRETT, CHARLENE<br>BARSHEFSKY, E. JOHN P. BROWNE,<br>D. JAMES GUZY, REED E. HUNDT,<br>PAUL S. OTELLINI, DAVID S. POTTRUCK,<br>JANE E. SHAW, JOHN L. THORNTON,<br>DAVID B. YOFFIE, ANDREW S. GROVE, and<br>INTEL CORPORATION,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.: 05-298 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION OF SETTLEMENT**

## STIPULATION OF SETTLEMENT

This stipulation of settlement ("Stipulation") is entered into as of March 7, 2007 by the following parties to this action: plaintiff Frank D. Seinfeld, derivatively on behalf of Intel Corporation, a Delaware corporation; and defendants Craig R. Barrett, Charlene Barshefsky, E. John P. Browne, D. James Guzy, Reed E. Hundt, Paul S. Otellini, David S. Pottruck, Jane E. Shaw, John L. Thornton, David B. Yoffie, Andrew S. Grove (the "Individual Defendants") and nominal defendant Intel Corporation (collectively the "Defendants").

### I.    THE LITIGATION

Plaintiff instituted this proceeding on May 16, 2005 in the United States District Court for the District of Delaware. The complaint in this derivative action alleges that the Individual Defendants (1) caused Intel Corporation ("Intel" or the "Company") to make false or misleading statements in Intel's March 2005 proxy statement ("Proxy") in violation of Section 14(a) of the Securities Exchange Act of 1934 and (2) breached their fiduciary duties under Delaware law. The challenged Proxy sought shareholder approval of an amendment to and an extension of Intel's Executive Officer Incentive Plan ("EOIP"). Plaintiff alleged that the Proxy falsely stated that if shareholders approved the EOIP, Intel would be able to deduct certain executive bonus payments made pursuant to that Plan from its annual tax filings for five years beginning in 2005. Further, Plaintiff's complaint alleges that the Proxy failed to adequately disclose all the required metrics that would be used to calculate the 2005 bonus payments to be made under the shareholder-approved EOIP. Defendants have denied, and continue to deny, all of Plaintiff's allegations.

On June 7, 2005, Plaintiff moved for summary judgment. On June 27, 2005, Defendants moved to dismiss under Fed. R. Civ. P. 23.1 for failure to make a demand on Intel's board of directors, and on the grounds that the Court lacked subject matter jurisdiction because Plaintiff's claims were not ripe for review. In response, Plaintiff argued that demand would have been futile, and that the claims were ripe for review because a cause of action arose when the

allegedly false or misleading statements were made in the Proxy. On March 31, 2006, the Court denied Plaintiff's summary judgment motion and Defendants' motions to dismiss.

The Court entered a Scheduling Order on May 31, 2006. Pursuant to that Order, the parties exchanged and responded to written discovery between June and October 2006. Pursuant to the Protective Order entered by the Court on October 31, 2006, all parties produced documents in October and November 2006.

## II.     RELEVANT FACTORS IN THE DECISION TO SETTLE THE ACTION

Plaintiff's counsel have conducted a thorough investigation of the facts and law relating to matters set forth in the complaints in the Litigation. This investigation has included the review of both public and non-public documents obtained through discovery. Throughout this process, Plaintiff's counsel have had numerous communications with counsel for the Defendants to discuss the factual and legal issues surrounding the Litigation.

Plaintiff believes the derivative claims to be meritorious. Plaintiff also recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiff has taken into account the uncertain outcome and the risk of further litigation, as well as the difficulties and delays inherent in such litigation and possible defenses to the claims asserted in the Litigation.

Defendants have denied, and continue to deny, that they have committed or aided and abetted the commission of any violation of law or engaged in any wrongful acts, whether alleged in the Litigation or otherwise. Defendants are entering into this Stipulation because the settlement would eliminate the burden and expense of further litigation and because of the inherent risk of further litigation.

The parties to the action hereby agree to settle this Litigation on the terms set forth below:

## III.    TERMS OF THE SETTLEMENT

### 1.    Definitions

1.1    "Court" means the United States District Court for the District of Delaware.

1.2     "Defendants" means Craig R. Barrett, Charlene Barshefsky, E. John P. Browne, D. James Guzy, Reed E. Hundt, Paul S. Otellini, David S. Pottruck, Jane E. Shaw, John L. Thornton, David B. Yoffie, Andrew S. Grove, and nominal defendant Intel Corporation.

1.3     "Director" means a member of the Board of Directors of Intel.

1.4     "Effective Date" means the later of: (a) the date of final affirmance on an appeal of the Final Judgment and Order of Dismissal, as defined in Paragraph 1.6 herein, the expiration of the time for a petition for, or a denial of, a writ of review to review the Final Judgment and Order of Dismissal and, if the writ is granted, the date of final affirmance of the Final Judgment and Order of Dismissal following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Final Judgment and Order of Dismissal or the final dismissal of any proceeding on writ of review to review the Final Judgment and Order of Dismissal; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Final Judgment and Order of Dismissal approving the Stipulation, *i.e.*, thirty (30) days after entry of the Final Judgment and Order of Dismissal.

1.5     "EOIP" or "2005 EOIP" means the Executive Officer Incentive Plan that was presented for shareholder approval in Intel's Proxy Statement filed with the United States Securities and Exchange Commission on March 29, 2005 and was disseminated to Intel's shareholders.

1.6     "Final Judgment and Order of Dismissal" or "Judgment" means the Final Judgment and Order of Dismissal attached hereto as Exhibit A as it may be modified by the Court.

1.7     "Individual Defendants" means the defendants Craig R. Barrett, Charlene Barshefsky, E. John P. Browne, D. James Guzy, Reed E. Hundt, Paul S. Otellini, David S. Pottruck, Jane E. Shaw, John L. Thornton, David B. Yoffie, and Andrew S. Grove.

1.8     "Notice" means the proposed Notice of Settlement attached hereto as Exhibit B.

1.9     "Intel" means nominal defendant Intel Corporation, a Delaware corporation, and all of its predecessors, successors, and all present and former parents, subsidiaries, divisions and related or affiliated entities.

1.10    "Litigation" means the action entitled *Frank D. Seinfeld v. Craig R. Barrett, et al.*, Case No. 05-298-JJF, pending in the District of Delaware.

1.11    "Outside Director" has the same meaning as is defined in NASDAQ Rule 4200(a)(15) and 26 C.F.R. § 1.162-27(e)(3).

1.12    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency, thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.13    "Plaintiff" or "Seinfeld" means Frank D. Seinfeld, individually and derivatively on behalf of Intel.

1.14    "Preliminary Order" means the Preliminary Order Approving the Notice attached hereto as Exhibit C.

1.15    "Proxy" means the Proxy Statement filed by Intel with the Securities and Exchange Commission on March 29, 2005.

1.16    "Related Parties" means each of a Defendant's past or present employees, partners, principals, agents, underwriters, insurers, co-insurers, reinsurers, any entity in which the Defendant has a controlling interest, attorneys, accountants, auditors, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, associates, related or affiliated entities, any members of their immediate families, or any trust of which any Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family.

1.17    (A) Except as provided in 1.17(B), "Released Claims" shall mean and include any and all claims, causes of action, demands, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or

unknown, direct or derivative, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been, could have been, or in the future can or might be asserted in the Litigation or in any court, tribunal or proceeding, including, but not limited to, claims for negligence, gross negligence, professional negligence, breach of duty of care, breach of duty of loyalty, breach of the duty of candor and good faith, failure to supervise, failure to oversee, fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, malpractice, breach of contract, negligent misrepresentation, corporate waste, mismanagement, violations of any state or federal statutes, rules or regulations, including without limitation the Sarbanes-Oxley Act of 2002, the Securities Exchange Act of 1934, the Securities Act of 1933 and any Unknown Claims as defined in Paragraph 1.21 herein, that have been or that could have been asserted in the Litigation, or in any other forum, by or on behalf of Intel, or by any of its shareholders derivatively on its behalf, against the Released Parties as defined in Paragraph 1.18 herein, from the beginning of time to the date hereof, arising out of, relating to or in connection with:

        (i)     Any of the facts, circumstances, allegations, claims, causes of action, representations, misrepresentations, statements, reports, disclosures, transactions, events, occurrences, acts, omissions or failures to act, or any other matter, thing, or cause whatsoever, or any series thereof, of whatever kind of character whatsoever, irrespective of the state of mind of the actor performing or omitting to perform the same, that have been or could have been alleged in any pleading, amended pleading, complaint, amended complaint, brief, motion, report or filing in the Litigation;

        (ii)    Any claims for expenses, costs or fees incurred by Intel as defined in Paragraph 1.9 herein, by any of the Released Parties as defined in Paragraph 1.18 herein, in connection with the investigation, defense and/or settlement of the Litigation, including, but not limited to, attorneys' fees, costs and any settlement or other expenses;

      1.17    (B) Notwithstanding anything otherwise encompassed by subparagraphs 1.17(A)(i) and 1.17(A)(ii), above, this definition explicitly does not include, and the Settling

Parties as defined in Paragraph 1.19 herein, expressly reserve and do not release, any obligations, claims or rights any of the Settling Parties may have under this Stipulation of Settlement;

1.18    "Released Parties" means each and all of the Settling Parties and their Related Parties.

1.19    "Settling Parties" means, collectively, each of the Defendants, Intel as defined in Paragraph 1.9 herein, Frank D. Seinfeld both directly and derivatively, and all Intel shareholders.

1.20    "Stipulation" means this Stipulation of Settlement.

1.21    "Unknown Claims" means any claim that Seinfeld, Intel, or any Intel shareholder acting directly or derivatively does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties that, if known by him, her or it, might have affected his, her or its settlement with, and release of, the Released Parties, or might have affected his, her or its decision not to object to this settlement. Although the parties do not in any way hereby concede that any law other than the law of the State of Delaware governs this Stipulation, the Settling Parties shall be deemed to waive any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or by any principle of common law, that governs or limits a person's release of unknown claims. With respect to any and all such claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties shall expressly waive and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, any and all provisions, rights, and benefits, conferred by any law of any state or territory of the United States or of foreign nations, or principle of common law, that is similar, comparable, or equivalent to California Civil Code Section 1542.

The Settling Parties may hereafter discover facts in addition to or different from those that he, she or it knows or believes to be true with respect to the subject matter of the Released Claims, but each of the Settling Parties shall expressly, upon the Effective Date, and by operation of the Final Judgment and Order of Dismissal, shall have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, concealed or hidden, matured or unmatured, that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2.      The Settlement**

2.1     EOIP. Intel has decided to terminate the Executive Officer Incentive Plan at issue in this litigation.

2.2     Proxy Disclosures. Commencing with the Company's first proxy statement filed after the Effective Date, and at Intel's option, prior to that filing, Intel shall disclose the termination of the 2005 EOIP.

2.3     Plaintiff's Counsel's Investigation. Plaintiff's counsel have conducted a thorough investigation of the facts and law relating to matters set forth in the complaints in the Litigation. This investigation has included: reviewing both public and non-public documents; investigating facts independent of the formal discovery process; and communicating with counsel for the Defendants to discuss the factual and legal issues surrounding the Litigation. On June 28, 2006, Plaintiff served his First Request for Production of Documents on Defendants and First Set of Special Interrogatories. Thereafter, the parties negotiated and agreed upon a confidentiality stipulation to govern the Defendants' production of confidential documents and information. In November 2006, Defendants produced certain confidential documents relating to the EOIP.

Finally, Plaintiff's counsel will have the opportunity to conduct confirmatory discovery including deposition testimony and details regarding bonuses paid and the terms of this Settlement. Plaintiff's counsel believe, based upon, among other things, the discovery conducted and to be conducted prior to the settlement, that the proposed settlement embodied in this Stipulation is fair, reasonable and adequate.

3.  **Preliminary Approval Order**

3.1   Promptly after execution of this Stipulation, counsel for the Settling Parties shall submit this Stipulation, together with its Exhibits, to the Court and shall apply for entry of an order, substantially in the form of Exhibit C establishing the procedure for and requesting *inter alia*:

(a)   preliminary approval of the settlement set forth in the Stipulation as fair, reasonable and adequate;

(b)   approval as to form and content of the proposed Notice of Settlement (the "Notice"), substantially in the form of Exhibit B hereto, which shall describe the terms of the settlement set forth in this Stipulation and provide the date of the Settlement Hearing (defined below);

(c)   a finding that the mailing and distribution procedures contained in this Stipulation constitutes the best notice practicable under the circumstances, is due and sufficient notice of the matters set forth in the Notice to all interested parties, and fully satisfies the requirements of due process and the Federal Rules of Civil Procedure;

(d)   the setting of a time and date for a hearing to consider the fairness, reasonableness and adequacy of the settlement and to consider the application by Plaintiff's counsel for an award of counsel fees and reimbursement of expenses (the "Settlement Hearing"); and

(e)   a provision approving dissemination of the Notice to the appropriate record shareholders of Intel (including providing the Notice to brokers/dealers for those shareholders whose stock is held in street names).

3.2     The Notice shall specifically include provisions that Intel shareholders who so desire may object to the settlement proposed by this Stipulation, provided that they comply with the requirements for doing so as set forth in the Notice. An objection shall be considered by the Court at the Settlement Hearing only if, on or before the date specified in the Notice, a shareholder making an objection files and serves a written objection (which shall set forth each objection and the basis therefore) and copies of any papers in support thereof, as set forth in the Notice.

3.3     The Notice shall also state that, pending final determination of whether the settlement should be approved, neither the Plaintiff, nor any Intel shareholder, either directly, derivatively, individually, representatively, or in any other capacity shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties.

4.     **Releases**

4.1     Upon the Effective Date of the settlement, the Settling Parties hereby release, and shall be deemed to have and by operation of the Final Judgment and Order of Dismissal shall have fully, finally and forever relinquished and discharged all Released Claims including all Unknown Claims against the Released Parties.

4.2     The Defendants also hereby release Seinfeld and his attorneys from any claims of any nature relating to or arising out of the Litigation.

5.     **Submission and Application to the Court**

5.1     The Settling Parties agree to use their best efforts to obtain approval from the Court of the terms of this Stipulation. In the event that the Settling Parties do not obtain final Court approval of the terms of this Stipulation by November 30, 2007, this Stipulation, and all covenants and agreements set forth herein, shall be deemed null and void, unless amended by the Settling Parties.

**6.    Notice**

6.1    Intel shall assume the sole administrative responsibility of providing the Notice in accordance with the requirements of the Court for obtaining approval of this Stipulation, so long as this Stipulation is executed by all parties on or before March 8, 2007. Prior to the final hearing before the Court regarding the approval of this Stipulation, Intel shall file with the Court an appropriate affidavit evidencing its mailing and distribution of the Notice. Such mailing and distribution will be made by including Notice of this settlement in the Company's annual Proxy mailing and distribution to all shareholders of record on March 19, 2007. Intel shall be solely responsible to pay all costs incurred in identifying and notifying by mail and electronic distribution the shareholders of the Company of the Stipulation, including the printing, copying and electronic distribution of the Notice.

**7.    Final Judgment and Order of Dismissal**

7.1    If this Stipulation (including any modification thereto made with the consent of the Settling Parties as provided for herein) is approved by the Court, the Settling Parties shall promptly request the Court to enter a Final Order and Judgment that, among other things:

(A)    Approves this Stipulation, adjudges the terms thereof to be substantively and procedurally fair, reasonable, adequate, and directs consummation of the settlement in accordance with the terms and conditions of the Stipulation;

(B)    Determines that the requirements of due process have been satisfied in connection with the Notice;

(C)    Dismisses the Litigation in its entirety with prejudice and without costs (except with respect to costs as otherwise provided in this Stipulation);

(D)    Permanently bars and enjoins Plaintiff and any or all shareholders of Intel, from commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of, any derivative action asserting any Released Claims against any of the Released Parties;

(E)     Certifies the aforesaid judgment (embodied in subparagraphs (A) through (D) above) as final; and

(F)     Without affecting the finality of the Final Judgment and Order of Dismissal, reserves the Court's jurisdiction over all of the Settling Parties for the administration of the terms of the Stipulation.

### 8.     Conditions Precedent to Settlement

8.1     The settlement set forth in this Stipulation is binding on all Settling Parties, but is subject to: (a) preliminary judicial approval; (b) final Court approval upon a hearing and notice to the shareholders of Intel; and (c) dismissal of the action with prejudice. This Stipulation shall be avoidable by the Settling Parties should any of these conditions not be met, and should any of the Settling Parties exercise the option to avoid this Stipulation, this Stipulation shall be null and void and shall not be admissible in any proceeding or deemed to prejudice any of the positions of the Settling Parties in or with respect to the Litigation or any other action. In order to exercise the option to avoid this Stipulation, a party must provide, within five (5) business days of the event giving rise to such option, written notice of such avoidance and the grounds therefor to all Settling Parties.

### 9.     Attorneys' Fees

9.1     At or before the final settlement hearing, Plaintiff's counsel in the Litigation will apply to the Court for an award of attorneys' fees and reasonable out-of-pocket disbursements in the amount of $862,500, which shall be payable by Intel (the "Fee Application"). Intel and the Individual Defendants agree to support, and not to oppose, the Fee Application for attorneys' fees and expenses by Plaintiff's counsel in the Litigation. The amount of fees approved by the Court (up to the amount of $862,500) (the "Fee Order") shall be paid by Intel to the Philadelphia, Pennsylvania offices of Barrack, Rodos & Bacine, within fourteen (14) business days after the Effective Date.

9.2     Except as expressly provided herein, the Individual Defendants and Intel shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiff, or by any of his attorneys, experts, advisors, agents or representatives.

### 10.    Cooperation and Best Efforts

10.1    All Settling Parties to this Stipulation will cooperate with each other in all reasonable respects in connection with the understandings set forth herein. The Settling Parties, through their counsel, agree (i) to present this Stipulation to the Court for preliminary approval and for final approval following appropriate notice to the record shareholders of Intel as of March 19, 2007; (ii) to use their best efforts to pursue the settlement in as expeditious and comprehensive a manner as possible and acknowledge that time is of the essence; (iii) to cooperate in preparing any and all necessary papers to define, pursue and effectuate the settlement; and (iv) to cooperate fully with one another in seeking the Court's approval of this Stipulation and the settlement and to use their best efforts to obtain final Court approval of the settlement, the dismissal with prejudice of the entire Litigation, and the entry of a final order consistent with this Stipulation.

10.2    At Intel's discretion it may issue a press release announcing the settlement. At Intel's request, such press release shall contain a positive statement by Plaintiff supporting this settlement. Plaintiff and his counsel agree that they will not issue a press release concerning the settlement. Plaintiff and his counsel agree that in response to press inquiries they will support Intel, and this settlement.

10.3    None of the Settling Parties, nor his, her or its attorneys, shall malign or speak poorly of any other of the Settling Parties or his, her or its attorneys relating to the Litigation or this Stipulation.

### 11.    Stay of Proceedings

11.1    Pending Court approval of the settlement, the Settling Parties agree to stay any discovery in the Litigation, and to stay any and all other proceedings other than those incident to

the settlement itself. The Settling Parties shall agree to extensions of time with respect to discovery pleadings and other court filings as are appropriate in the context of this Stipulation.

### 12. Stipulation Not An Admission

12.1 This Stipulation and all negotiations, papers, writings, statements and/or proceedings in connection with the Stipulation are not, and shall not in any event be construed or deemed to be evidence of: (i) an admission or concession on the part of any of the Defendants of any liability or wrongdoing of any kind; (ii) an admission or concession on the part of any or all of the Defendants that Plaintiff or Intel suffered any damage; or (iii) an admission or concession on the part of Plaintiff. Neither this Stipulation nor the negotiations, proceedings, or papers in connection with this Stipulation shall be offered or received in evidence in any action or proceeding (except in an action or proceeding to enforce the terms and conditions of this Stipulation), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiff, Plaintiff's counsel, or any shareholder of Intel, or any other person, has or has not suffered any damage.

### 13. Entire Agreement; Amendments

13.1 This Stipulation constitutes the entire agreement among the Settling Parties with respect to the subject matter hereof, and may not be amended nor any of its provisions waived except by a writing executed by all of the Settling Parties.

13.2 This Stipulation shall be binding upon and inure to the benefit of the Settling Parties and their respective agents, successors, executors, heirs and assigns.

13.3 All of the exhibits hereto are incorporated herein by reference as if set forth herein verbatim, and the terms of all exhibits are expressly made part of this Stipulation.

### 14. Waiver

14.1 The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, to this Stipulation.

### 15. Counterparts

15.1  This Stipulation may be executed in any number of counterparts with the same effect as if all Settling Parties had executed the same document. All such counterparts shall be construed together and shall constitute one instrument.

### 16. Governing Law

16.1  This Stipulation and the settlement contemplated by it shall be governed by, and construed in accordance with, the laws of the State of Delaware, without regard to conflict of laws principles.

### 17. Authority

17.1  The undersigned attorneys represent and warrant that they have been duly authorized by all of their respective clients to execute and deliver this Stipulation.

### 18. Non-Assignment of Rights

18.1  Plaintiff and his counsel represent and warrant that none of the claims or causes of action asserted in the Litigation have been assigned, encumbered or in any manner transferred in whole or in part.

| | |
|---|---|
| OF COUNSEL: | FOX ROTHSCHILD LLP |
| A. Arnold Gershon<br>Gloria Kui<br>BARRACK, RODOS & BACINE<br>1350 Broadway<br>Suite 1001<br>New York, NY 10018<br>(212) 688-0782<br><br>Dated: March 7, 2007<br><br>Daniel E. Bacine<br>M. Richard Komins<br>BARRACK, RODOS & BACINE<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103<br>(215) 963-0600 | By:  /s/ Francis G.X. Pileggi<br>       Francis G.X. Pileggi (#2624)<br>       Sheldon K. Rennie (#3772)<br>       919 North Market Street<br>       Suite 1300<br>       Wilmington, Delaware 19801<br><br>Attorneys for Plaintiff, Frank D. Seinfeld |
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Michael D. Torpey<br>James N. Kramer<br>Amy M. Ross<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94105<br>(415) 773-5700<br><br>Dated: March 7, 2007 | By:  /s/ Stephen C. Norman<br>       Stephen C. Norman (#2686)<br>       Hercules Plaza<br>       P.O. Box. 951<br>       Wilmington, DE 19899-0957<br>       (302) 984-6000<br><br>Attorneys for Individual Defendants Craig R. Barrett, Charlene Barshefsky, E. John P. Browne, D. James Guzy, Reed E. Hundt, Paul S. Otellini, David S. Pottruck, Jane E. Shaw, John L. Thornton, David B. Yoffie and Andrew S. Grove |

| | |
|---|---|
| OF COUNSEL:<br><br>Joseph E. Mais<br>PERKINS COIE BROWN & BAIN P.A.<br>2901 North Central Avenue<br>Phoenix, Arizona 85012<br>(602) 351-8280<br><br>Dated: March 7, 2007 | YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br><br>By: /s/ John W. Shaw<br>John W. Shaw (#3362)<br>The Brandywine Building<br>100 West Street, 17th Floor<br>Wilmington, DE 19081<br>(302) 571-6600<br><br>Attorneys for Intel Corporation |