# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK D. SEINFELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05-298 (JJF) |
| ) | |
| CRAIG R. BARRETT, CHARLENE ) | |
| BARSHEFSKY, E. JOHN P. BROWNE, ) | |
| D. JAMES GUZY, REED E. HUNDT, ) | |
| PAUL S. OTELLINI, DAVID S. POTTRUCK, ) | |
| JANE E. SHAW, JOHN L. THORNTON, ) | |
| DAVID B. YOFFIE, ANDREW S. GROVE, and ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] NOTICE OF SETTLEMENT**

Plaintiff, Frank D. Seinfeld, brought this derivative action against the board of directors of Intel Corporation. In his complaint, he alleges that the board members caused Intel Corporation to file a proxy statement containing false statements regarding the tax deductibility of certain bonus payments made to certain of Intel Corporation's executive officers, in violation of Section 14(a) of the Securities Exchange Act of 1934. Further, Plaintiff alleges that in doing so, the board members breached their fiduciary duties. Although a settlement has been reached by the parties, the board members and nominal defendant Intel Corporation deny that any misstatement was made. The IRS has accepted Intel Corporation's tax return for fiscal year 2005 (with the exception of certain items of income and deduction unrelated to the bonus payments subject to this lawsuit), and such return includes appropriate deductions taken on bonus payments subject to this lawsuit. This Notice provides detailed information regarding the facts of the case and the terms of the Settlement.

## THE PARTIES AND THE NATURE OF THE LITIGATION

The Plaintiff is Frank D. Seinfeld ("Seinfeld"), an individual who is, and has been, a holder of common stock of Intel Corporation ("Intel" or the "Company"), and commenced the Litigation derivatively on behalf of Intel.

The Defendants named in the Litigation are Craig R. Barrett, Charlene Barshefsky, E. John P. Browne, D. James Guzy, Reed E. Hundt, Paul S. Otellini, David S. Pottruck, Jane E. Shaw, John L. Thornton, David B. Yoffie, Andrew S. Grove (collectively, the "Individual Defendants") and nominal defendant Intel (collectively referred to as the "Defendants").

If the Settlement is approved by the Court, the Litigation will be dismissed with prejudice as to all of the Defendants.

## THE LITIGATION

Plaintiff instituted this Litigation on May 16, 2005 in the United States District Court for the District of Delaware. Seinfeld filed a derivative action alleging that the Individual Defendants (1) caused Intel to make false or misleading statements in Intel's March 2005 proxy

OHS West:260147926.3               1

statement (the "Proxy") in violation of Section 14(a) of the Securities Exchange Act of 1934 and (2) breached their fiduciary duties under Delaware law. The Proxy outlined four proposals for consideration by Intel's shareholders at its annual meeting held in May 2005. One proposal sought shareholder approval of amendment to and an extension of Intel's Executive Officer Incentive Plan ("EOIP"). Plaintiff alleged that the proxy statement falsely disclosed that if shareholders approved the EOIP, Intel would be able to deduct certain executive bonus payments made pursuant to the EOIP from its annual tax filings. Further, Plaintiff's complaint alleges that the Proxy failed to adequately disclose all the required metrics which would be used to calculate the 2005 bonus payments which would be made under the shareholder approved EOIP.

On June 7, 2005, Plaintiff moved for summary judgment. On June 27, 2005, Defendants moved to dismiss under Fed. R. Civ. P. 23.1 for failure to make a demand on Intel's board of directors, and on the grounds that the Court lacked subject matter jurisdiction because Plaintiff's claims would not be ripe for review until the payments had been made under the EOIP, a tax deduction had been claimed, or the IRS ruled that the deduction would be improper. In response, Plaintiff argued that demand would have been futile, and that the claims were ripe for review because they arose when the allegedly false or misleading statements were made in the Proxy.

On March 31, 2006, the Court entered an order denying Plaintiff's summary judgment motion and Defendants' motions to dismiss.

On April 14, 2006, Defendants filed an answer denying Plaintiff's allegations and asserting affirmative defenses to Plaintiff's complaint.

### DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each of the Defendants separately has denied and continues to deny each and all of the claims and contentions alleged by the Plaintiff in the Litigation. Each of the Defendants expressly has denied and continues to deny all charges of wrongdoing or liability against him, her or it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Each of the Individual Defendants further has asserted and

continues to assert that at all material times, he or she acted in good faith and in a manner he or she reasonably believed to be in the best interest of Intel and its shareholders.

Nonetheless, the Defendants have concluded in order to further strengthen Intel's relationship with its shareholders and in order to limit further expense, inconvenience and distraction, to dispose of burdensome and protracted litigation, and to permit the operation of Intel's business without further risk, expensive litigation and the distraction and diversion of Intel's executive personnel with respect to matters in issue in the Litigation, it is desirable that the Litigation be fully and finally settled in the manner and upon the terms set forth in the Stipulation of Settlement on file with the United States District Court of the District of Delaware, 844 N. King Street, Wilmington, DE 19801 (the "Stipulation").

There has been no determination by any Court of the merits of the claims or defenses.

The issues on which the parties disagree include the extent to which the various matters that Plaintiff alleged were materially false or misleading influenced (if at all) the May 2005 shareholder approval of the 2005 EOIP, and whether the statements made or facts allegedly omitted were false, material or otherwise actionable under the federal securities laws.

## CLAIMS OF THE PLAINTIFF AND BENEFITS OF SETTLEMENT

Counsel for Plaintiff believe that the proposed settlement discussed below is, in all respects, fair, just, reasonable and adequate to Intel and its shareholders. Because of the risks associated with continuing to litigate and proceeding to trial, there is a danger that Plaintiff would have lost. Had the Litigation gone to trial, Defendants intended to assert that there were no recoverable damages because Intel received the tax deduction for the 2005 payments, and expects the IRS to approve the tax deduction for its 2006 payments. Defendants would also assert that the Company's disclosures concerning its executive compensation exceeded the general practice of the industry.

Plaintiff believes that the claims asserted in the Litigation have merit. However, Counsel for Plaintiff acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Plaintiff also

has taken into account the uncertain outcome and the risk of any litigation, especially in complex derivative action such as this Litigation, as well as the difficulties and delays inherent in such litigation.

Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon Intel and its shareholders. Based on its evaluation, Plaintiff has determined that the settlement set forth in the Stipulation and outlined below is, in all respects, fair, just, reasonable and adequate to Intel and its shareholders.

## DEFINITIONS

All defined terms contained herein shall have the same meaning as set forth in the Stipulation of Settlement (the "Stipulation") dated March 7, 2007 and filed with the Court on March 8, 2007.

## THE PROPOSED SETTLEMENT

The following description of the settlement is only a summary and reference is made to the text of the Stipulation of Settlement, on file with the Court, for a full statement of its provisions.

1. **The Settlement**

   A.  <u>EOIP.</u>  Intel has decided to terminate its Executive Officer Incentive Plan at issue in this litigation.

   B.  <u>Proxy Disclosures</u>.  Commencing with the Company's first proxy statement filed after the Effective Date, and at Intel's option, prior to that filing, Intel shall disclose the termination of the 2005 EOIP.

   C.  Plaintiff's Counsel have conducted a thorough investigation of the facts and law relating to matters set forth in the complaints in the Litigation. This investigation has included: reviewing both public and non-public documents; an independent investigation of the facts; and communicating with counsel for the Defendants to discuss the factual and legal issues surrounding to the Litigation. On June 28, 2006, Plaintiff served his First Request for Production of Documents on Defendants and First Set of Special Interrogatories. Thereafter, the parties

OHS West:260147926.3                         4

negotiated and agreed upon a confidentiality stipulation to govern the Defendants' production of confidential non-public documents and information. In November 2006, Defendants produced certain confidential and non-public documents to Plaintiff relating to the EOIP. Plaintiff's Counsel believe, based upon, among other things, the discovery conducted, that the proposed Settlement is fair, reasonable and adequate to Intel and its shareholders.

2.  **Releases**

Upon the Effective Date, the Settling Parties will release all Released Claims including all Unknown Claims against the Released Parties.

3.  **Submission and Application to the Court**

The Settling Parties agree to use their best efforts to obtain approval from the Court of the terms of the Stipulation of Settlement. In the event that the Settling Parties do not obtain final Court approval of the terms of the Stipulation by November 30, 2007, the Stipulation, and all covenants and agreements set forth therein, shall be deemed null and void, unless amended by the Settling Parties.

4.  **Notice**

Intel shall assume the administrative responsibility of providing the Notice in accordance with the requirements of the Court for obtaining approval of the Settlement. Prior to the final hearing before the Court regarding the approval of the Settlement, Intel shall file with the Court an appropriate affidavit evidencing its mailing and distribution of the Notice. Intel will pay all costs incurred in identifying the record shareholders of Intel as of March 19, 2007 and notifying by mail and electronic distribution all record shareholders of Intel as of March 19, 2007, including the printing and copying of the Notice.

5.  **Final Judgment and Order of Dismissal**

If the Stipulation (including any modification thereto made with the consent of the Settling Parties are provided for herein) is approved by the Court, the Parties shall promptly request the Court to enter a Final Order and Judgment which, among other things:

    A.    Approves the Stipulation, adjudges the terms thereof to be substantively and procedurally fair, reasonable, and adequate to Intel and its shareholders, and directs consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

    B.    Determines that the requirements of due process have been satisfied in connection with the Notice;

    C.    Dismisses the Litigation in its entirety with prejudice and without costs (except with respect to costs as otherwise provided); and

    D.    Permanently bars and enjoins Seinfeld and all shareholders of Intel, or any of them, from commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of, any derivative action asserting any Released Claims against any of the Released Parties;

### 6. Attorneys' Fees

At or before the final settlement hearing, Seinfeld's counsel in the Litigation will apply to the Court for an award of attorneys' fees and reasonable out-of-pocket disbursements up to the amount of $862,500, which shall be payable by Intel (the "Fee Application"). Intel and the Individual Defendants agree to support, and not to oppose, the Fee Application for attorneys' fees and expenses by Seinfeld's counsel in the Litigation (up to the amount of $862,500).

### 7. Dismissal With Prejudice

If the settlement is approved by the Court, the Court will enter a judgment which will dismiss the Litigation as against the Defendants with prejudice, and Plaintiff, all shareholders of Intel and Intel shall be barred from asserting any Released Claims against any of the Released Persons and each and all shareholders of Intel shall conclusively be deemed to have released any and all such Released Claims as against all of the Released Parties.

> THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION
> BY THE COURT AS TO THE MERITS OF THE RESPECTIVE
> CLAIMS OR DEFENSES. THIS NOTICE IS SENT ONLY TO
> ADVISE YOU OF THE PROPOSED SETTLEMENTS

DESCRIBED HEREIN AND CERTAIN RIGHTS YOU MAY HAVE WITH RESPECT THERETO.

**NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

Banks, brokerage firms, institutions, and other persons who are nominees who hold Intel common stock are requested within seven (7) days of receipt of this notice, to (1) provide the names and addresses of such beneficial purchasers or owners, or to (2) forward a copy of this notice to each such beneficial purchaser or owner and provide written confirmation that the notice has been so forwarded. The names and addresses of beneficial purchasers or owners or written confirmation that notice has been forwarded to beneficial purchasers should be sent to:



Intel/Seinfeld Derivative Action
c/o Stephen C. Norman, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza – 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, Delaware 19899

The reasonable costs of complying with this provision will be reimbursed upon request.

**THE HEARING**

A hearing (the "Hearing") will be held before the Honorable Joseph J. Farnan, Jr., at Caleb Boggs Federal Building, 844 N. King Street, Room 4124, Wilmington, DE 19801, at _____ on _____, for the purpose of determining whether the settlement is fair, just, reasonable and adequate and whether it should be approved by the Court and the Litigation dismissed on the merits and with prejudice, and the judgment entered. The hearing may be adjourned from time to time by the Court at the hearing or at any adjourned session thereof without further notice.

Any person or entity who holds Intel common stock may appear at the hearing to show cause why the proposed Settlement should not be approved and why the Litigation should not be dismissed on the merits with prejudice; provided, however, that no such person shall be heard (unless the Court at its discretion shall otherwise direct) unless his or her objection or opposition

(together with proof of ownership of Intel common stock) is made in writing and is filed, together with copies of all other papers and briefs to be submitted by him or her to the Court at the hearing, with the Clerk of the Court no later than _____ and showing due proof of service of copies thereof on the following:

### Counsel for Plaintiff

Francis G.X. Pileggi, Esq. (#2624)
Sheldon K. Rennie, Esq. (#3772)
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, Delaware 19801

### Counsel for Individual Defendants

Stephen C. Norman (#2686)
Potter Anderson & Corroon LLP
Hercules Plaza – 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, Delaware 19899

### Counsel for Intel Corporation

John W. Shaw (#3362)
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
100 West Street, 17th Floor
Wilmington, DE 19081

Unless otherwise ordered by the Court, any such person who does not make his or her objection or opposition in the manner provided shall be deemed to have waived all objections and opposition to the fairness, justness, reasonableness and adequacy of the proposed settlement.

### EXAMINATION OF PAPERS AND INQUIRIES

This notice contains only a summary of the terms of the settlement. For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation of Settlement, and to other papers filed in this action, which may be inspected at the Office of the Clerk of the District Court of Delaware, Caleb Boggs Federal Building, 844 N. King Street, Room 4209, Wilmington, DE 19801, during business hours of each business day.

Inquiries regarding the Litigation should be addressed as follows:

> Intel/Seinfeld Derivative Action
> c/o Stephen C. Norman, Esq.
> Potter Anderson & Corroon LLP
> Hercules Plaza – 6th Floor
> 1313 North Market Street
> P. O. Box 951
> Wilmington, Delaware  19899

PLEASE DO NOT CONTACT THE COURT OR THE CLERK FOR INFORMATION.

Dated: _____              _____
                                            BY ORDER OF THE COURT
                                            United States District of Delaware