IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANK D. SEINFELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 05-298 (JJF) |
| | ) | |
| CRAIG R. BARRETT, CHARLENE | ) | |
| BARSHEFSKY, E. JOHN P. BROWNE, | ) | |
| D. JAMES GUZY, REED E. HUNDT, | ) | |
| PAUL S. OTELLINI, DAVID S. POTTRUCK, | ) | |
| JANE E. SHAW, JOHN L. THORNTON, | ) | |
| DAVID B. YOFFIE, ANDREW S. GROVE, and | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY ORDER APPROVING SETTLEMENT**

WHEREAS, a derivative action is pending in this Court entitled *Frank D. Seinfeld v. Craig R. Barrett, et al.,* Case No. 05-298-JJF (the "Litigation");

WHEREAS, the parties having made an application for an order approving the settlement of the Litigation, in accordance with a Stipulation of Settlement (the "Stipulation") dated March 7, 2007, which, together with Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Stipulation and the Settlement set forth therein as fair, reasonable and adequate to the shareholders of Intel Corporation ("Intel" or the "Company"), subject to further consideration at the Settlement Hearing described below.

2. The Court approves, as to form and content, the Proposed Notice of Settlement (the "Notice"), attached as Exhibit B to the Stipulation of Settlement, and finds that the mailing and distribution of the Notice substantially in the manner and form set forth below satisfies the requirements of due process and Rule 23.1 of the Federal Rules of Civil Procedure, and shall constitute due and sufficient notice to all Persons entitled thereto.

    (a) Not later than March 31, 2007 (the "Notice Date"), Defendants shall cause a copy of the Notice, substantially in the form annexed as Exhibit B to the Stipulation of Settlement, to be sent to all Intel shareholders of record as of March 19, 2007 who receive the Annual Proxy by mail, by including it as part of the mailing of the Company's Annual Proxy Statement.

    (b) Not later than March 31, 2007, Defendants shall cause a copy of the Notice, substantially in the form annexed as Exhibit B to the Stipulation of Settlement, to be available electronically to all Intel shareholders of record as of March 19, 2007 who

have previously opted to receive the Annual Proxy Statement electronically. The Notice will be provided as part of the same electronic distribution as the Annual Proxy Statement. If an Intel Shareholder has not previously opted to receive his, her or its copy of the Annual Proxy Statement electronically, he, she or it will receive a copy of the Notice via mail as outlined in the preceding paragraph.

    (c)    At least seven (7) days prior to the final Settlement Hearing, Defendants shall serve on counsel for the Plaintiff and file with the Court proof, by affidavit or declaration, of such mailing and electronic distribution.

    3.    Intel shall bear the expense of preparing and mailing (of both hard copy and electronic distribution) the Notice to the shareholders (including providing the Notice to brokers/dealers for those shareholders whose stock is held in street names).

    4.    Nominees who held the common stock of Intel for the beneficial ownership of Intel's shareholders of record as of March 19, 2007 shall mail the Notice to all such beneficial owners of stock within seven (7) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to Intel's Legal Department, to the person and address identified in the Notice, within seven (7) days of receipt thereof, in which event Intel's Legal Department shall promptly mail the Notice to such beneficial owners.

    5.    A Final Settlement Hearing (the "Settlement Hearing") shall be held before this Court on May 23, 2007, at 12 :00 p.m., before the Honorable Joseph J. Farnan, Jr., at Caleb Boggs Federal Building, 844 N. King Street, Room 4124, Wilmington, DE 19801 (the "Settlement Hearing"), to: (1) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Intel's shareholders and should be approved by the Court and whether a Judgment in the form provided in Paragraph 1.6 of the Stipulation should be entered herein; and (2) to consider the application by Plaintiff's Counsel for an award of fees and reimbursement of expenses.

6. Any Intel shareholder of record as of March 19, 2007 may appear and show cause, if he, she or it has any reason to believe why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why the Judgment should not be entered thereon; provided, however, that no Intel shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that person has served by hand or first class mail written objections and copies of any papers and briefs no later than May 11, 2007, on Plaintiff's Counsel and on Defendants' Counsel. The notice of objection must contain proof of the objecting person's ownership of Intel's common stock and contain a statement of the reasons for the objection.

7. Unless otherwise ordered by the Court, any such person who does not make his, her or its objection or opposition in the manner provided shall be deemed to have waived all objections and opposition to the fairness, justness, reasonableness and adequacy of the proposed settlement.

8. Unless and until the Settlement is canceled and terminated pursuant to Section 8 of the Stipulation, neither the Plaintiff nor any other Intel Corporation shareholder, either directly, derivatively, individually, representatively, or in any other capacity, shall commence or prosecute any of the Released Claims against any of the Defendants or other Released Persons in any court or tribunal.

9. All papers, including memoranda or briefs in support of the Settlement, shall be filed and served five (5) days prior to the final Settlement Hearing.

10. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Intel's shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Intel's shareholders.

IT IS SO ORDERED

Dated: *March 16, 2007*          By: *[signature]*
                                    BY ORDER OF THE COURT
                                    United States District of Delaware