IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK D. SEINFELD,<br><br>                Plaintiff,<br><br>     -against-<br><br>CRAIG R. BARRETT, CHARLENE BARSHEFSKY, E. JOHN P. BROWNE, D. JAMES GUZY, REED E. HUNDT, PAUL S. OTELLINI, DAVID S. POTTRUCK, JANE E. SHAW, JOHN L. THORNTON, DAVID B. YOFFIE, ANDREW S. GROVE, and INTEL CORPORATION,<br><br>                Defendants. | Case No.: 05-298 |

**DECLARATION OF ALEXANDER ARNOLD GERSHON
IN SUPPORT OF PLAINTIFF'S APPLICATION FOR
FINAL APPROVAL OF PROPOSED SETTLEMENT
<u>AND FOR ATTORNEYS' FEES AND EXPENSES</u>**

I, ALEXANDER ARNOLD GERSHON, hereby do declare as follows:

1. I am a member of the bar of the State of New York, and I was admitted to the bar of this court, *pro hac vice*, by order entered June 24, 2005. I am a partner in the firm of Barrack, Rodos & Bacine. My firm and I are of counsel to Frank D. Seinfeld, the plaintiff in this action.

2. I make this declaration in support of the proposed settlement of this stockholder's derivative action and the payment of attorneys' fees and expenses.

3. Plaintiff commenced this action on May 16, 2005 by the filing of a verified complaint. The jurisdiction of this court is founded upon 15 U.S.C. 78aa and upon 28 U.S.C. §1367.

4. This is a stockholder's derivative action on behalf of Intel Corporation, a Delaware corporation (the "Company" or "Intel").

5. The complaint alleges that for the annual meeting of Intel's stockholders on May 18, 2005, the individual defendants, acting as Intel's board of directors, distributed a Proxy Statement that solicited the stockholders' proxies to be voted in favor of the re-election of defendants Barrett, Barshefsky, Browne, Guzy, Hundt, Otellini, Pottruck, Shaw, Thornton, and Yoffie to the board of directors, the ratification of the appointment of Ernst & Young LLP as the independent registered public accounting firm for the current year, and the approval of an amendment and extension of the Intel Corporation Executive Officer Incentive Plan as Amended and Restated Effective May 18, 2005 (the "Plan" or the "EOIP").

6. The complaint alleges that the Proxy Statement represents that under the proposed Plan the executive officers' compensation would be deductible by the Company for federal income tax purposes if the Plan were to be approved by the stockholders. It further alleges that the Proxy Statement states that if the stockholders fail to approve the Plan, the Company would terminate it and instead would make payments to the executive officers in amounts similar to that which would have otherwise have been paid under the EOIP, a portion of which would not be deductible. It further alleges that, since the defendants intended to pay

-2-

the incentive payments even if the Company's stockholders disapprove it, no vote of the stockholders would make it deductible.

7. In addition, complaint alleges that the Proxy Statement omitted material facts concerning material factors in the calculation of bonuses. These omissions impeded the stockholders' ability to assess whether it will be easy or difficult for executive officers to achieve large bonuses, whether achievement of bonuses is substantially uncertain, and whether they will be earned for genuine accomplishments.

8. Plaintiff filed the complaint on May 16, 2005 and moved for summary judgment on June 7, 2005. The Defendants made a motion to dismiss the complaint for lack of ripeness, thereby arguing that there was a lack of subject matter jurisdiction, and another motion to dismiss for failure to make a presuit demand on the board of directors pursuant to Fed.R.Civ. P. Rule 23.1. In response, Plaintiff argued that demand would have been futile, and that the claims were ripe for review because a cause of action arose when the allegedly false or misleading statements were made in the Proxy Statement. On March 31, 2006, the Court denied all motions.

9. On April 14, 2006, the defendants filed an answer denying many of the material allegations of the complaint and alleging affirmative defenses.

10. The Court entered a Scheduling Order on May 31, 2006, and pursuant to that order, parties began the discovery process, including producing documents, and serving notices of deposition. The defendants produced approximately 25,000 pages of documents on Summation, the computer program for storing and retrieving documents. Beginning in

December 2006, the parties commenced extensive settlement discussions. These discussions culminated in a stipulation of settlement that was filed with the court on March 7, 2007.

11. Pursuant to the Preliminary Approval Order entered March 16, 2007, notice of the proposed settlement has been timely mailed to Intel stockholders, in the manner and form set forth in the Order. Defendants' counsel will file an affidavit of mailing on May 16, 2007.

12. Intel reports in Item 5 of its 2006 Form 10-K that as of February 16, 2007, there were approximately 195,000 Intel stockholders of record and a substantially greater number of holders in street name. To date, only two shareholders have filed formal objections to the proposed settlement or to the request for an allowance of attorneys' fees of $862,500, inclusive of out-of-pocket disbursements incurred in prosecuting the action. Plaintiff respectfully submits that the benefits of the proposed settlement provide more than ample consideration for dismissal of the claims asserted in the litigation and that the proposed settlement and fee application merit the court's approval.

13. The proposed Settlement provides for substantial benefits to Intel and its shareholders. Intel has decided to terminate the EOIP at issue in this litigation. Plaintiff's expert, Pearl Meyer, herself a highly regarded authority on executive compensation and a founder of the consulting firm Steven Hall & Partners, is submitting herewith her declaration that the termination of the EOIP has a present value of $47,580,352.

14. Plaintiff's counsel have conducted a thorough investigation of the facts and law relating to matters set forth in the complaints in the Litigation. This investigation has included: reviewing both public and non-public documents; investigation of facts independent

of the formal discovery process; and communicating with counsel for the Defendants to discuss the factual and legal issues surrounding the Litigation. Plaintiff's counsel had the opportunity to conduct confirmatory discovery including deposition testimony that took place on May 1-2, 2007 in San Francisco, and to review details regarding bonuses paid.

15. Plaintiff's Counsel believe, based upon, among other things, the discovery that has been conducted and their expert's report, that the proposed Settlement is fair, reasonable and adequate to Intel and its shareholders.

16. As to the allegations in the complaint concerning the description of the annual bonus, plaintiff's counsel have obtained through discovery the documentation and testimony that establishes that the performance goals were established before the last day required by the Treasury Regulations, and that negative discretion was imposed by the compensation committee of the board of directors to reduce the amounts payable. In the opinion of his attorneys, plaintiff had only a remote chance to prevail on that part of the case.

17. As to the underlying merits, a jury would be presented with strongly conflicting views as to the adequacy of the disclosures in the proxy statement and the proper tax trreatment of the bonuses awarded to Intel named executive officers. Plaintiff also has the heavy burden of demonstrating that the defendants breached their fiduciary duties of care and loyalty, and were not disinterested and independent. At least a majority of these director defendants might be able to establish to a jury's satisfaction at trial, that they had sound reasons to believe that Intel's bonuses were deductible and that its disclosures of the bonus

-5-

formula was proper and that they acted in good faith. Even if plaintiff were to prevail at trial, it is doubtful that a better result could have been obtained. (Gershon Decl. ¶17.)

20. The Company has sent notice to the stockholders. See the affidavit of mailing to be filed May 16, 2007.

19. Our computerized, contemporaneous time and expense reports are attached as Exhibit 1. The total lodestar to date is $606,284.50, and the total expenses to date are $29,835.83. They include neither the time to prepare the application for fees and expenses, nor the time to prepare for the hearing scheduled for May 23, 2007.

20. I have been engaged in the practice of law for 41 years and have substantially limited my practice to stockholders' litigation for nearly 36 years. I was a sole practioner for most of that time, but early on I was for four years an associate of Abraham L. Pomerantz and William E. Haudek in their law firm. I have litigated significant cases that have been cited in law reviews: See *Vides v. Amelio*, 265 F.Supp.2d 273 (S.D.N.Y 2003); Treatises: see *Shaev v. Saper*, 320 F.3d 373 (3rd Cir. 2003); *The Business Lawyer*: see *Resnik v. Swartz*, 303 F.3d 147 (2nd Cir. 2002); law school case books (*Bratton*, Cases& Materials on Corporate Finance (Foundation Press, 5th ed. 2003); see *Lewis v. Vogelstein*, 699 A.2d 327 (Del.Ch. 1977), and elsewhere; see *National Super Spuds, Inc. v. New York Mercantile Exchange*, 660 F.2d 9 (2nd Cir. 1981). This is an incomplete list.

21. For the foregoing reasons, I respectfully request the court to approve the settlement and to award the fees and expenses in the amount of $862,500, as provided in the Stipulation of Settlement.

22. I further declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
      May 16, 2007

_____
Alexander Arnold Gershon (AG3809)

INTEL\AGGSETTLEDEC

# EXHIBIT 1

## Intel Corp. Derivative Litigation
## Barrack, Rodos & Bacine

Time Period: Inception through May 2007

|  | Total Hours*/ | Hourly Rates | Lodestar |
|---|---|---|---|
| **Partners:** | | | |
| Daniel E. Bacine | 64.75 | $650.00 | $42,087.50 |
| Alexander Arnold Gershon | 533.25 | $650.00 | $346,612.50 |
| M. Richard. Komins | 1.00 | $570.00 | $570.00 |
| Mark R. Rosen | 6.00 | $570.00 | $3,420.00 |
| | | | |
| **Associates:** | | | |
| Gloria Kui | 156.25 | $275.00 | $42,968.75 |
| | | | |
| **Paralegals:** | | | |
| Stephanie A. McConaghy | 52.75 | $175.00 | $9,231.25 |
| | | | |
| **Grand Totals:** | 814.00 | | $444,890.00 |

*/ In addition, several attorneys spent time working on this case under my direction at my former firm for an aggregate lodestar of $66,724.50.

## Intel Corp. Derivative Litigation

| Description | Expenses This Report |
|---|---:|
| Computer and Other Research Fee(s) | $6,612.28 |
| Courier & Overnight Delivery Services | $40.80 |
| Expert and Investigative Fee(s) and Services | $17,482.00 |
| Miscellaneous (other disbursements) | $37.44 |
| Postage | $176.84 |
| Reproduction | $965.46 |
| Telephone | $310.45 |
| Transcript | $1,496.48 |
| Travel/Meals/Meetings | $1,918.76 |
| **TOTAL EXPENSES:** | **$29,040.51** |

```
B/ATTY LOC: 01  PHILADELPHIA                    FOX ROTHSCHILD LLP                          Page 15
BILLING ATTORNEY: 0492  JOHN A. ROTHSCHILD      DETAILED BILLING REPORT            (RUN 05/16/07  11:07   )
                                                     PROFORMA #  326453                THRU 05/15/07

CLIENT  025161         GERSHON, ARNOLD (ESQUIRE)                    LAST DATE BILLED
MATTER  025161.00001   SECURITIES LAW CLAIMS AS LOCAL COUNSEL IN DELAWA   DATE BILLED THRU
                                                                     LAST PAYMENT DATE
                                                                                             FEES and DISBURSEMENTS
---------------------------------------------------------------------------------------------------------------
10947550  04/26/07  RECEIVE AND FORWARD LETTER FROM
                    SHAREHOLDER                                 .20  0029  PILEGGI, F G.      80.00    93,710.00
10947568  04/27/07  RECEIVE AND REPLY TO E-MAILS AND
                    TELEPHONE CONFERENCE WITH ARNOLD ON
                    OPEN ISSUES                                 .40  0029  PILEGGI, F G.     160.00    93,870.00
10955276  04/30/07  RECEIVE AND REPLY AND REVIEW
                    MULTIPLE E-MAILS RE: SETTLEMENT
                    ISSUES                                      .40  0029  PILEGGI, F G.     160.00    94,030.00
10969064  05/01/07  FOLLOW-UP ON STATUS OF SETTLEMENT            .20  0029  PILEGGI, F G.      80.00    94,110.00
10982239  05/07/07  RECEIVE AND FORWARD LETTERS AND CALL
                    FROM INTEL SHAREHOLDER                      .40  0029  PILEGGI, F G.     160.00    94,270.00
10990291  05/09/07  DISCUSS PENDING ISSUES WITH ATTORNEY
                    GERSHON                                     .40  0029  PILEGGI, F G.     160.00    94,430.00
10990352  05/11/07  TELEPHONE CONFERENCE WITH ATTORNEY
                    GERSHON RE: SETTLEMENT ISSUES AND
                    E-MAILS                                     .60  0029  PILEGGI, F G.     240.00    94,670.00
                                                              ------                      ----------
                                                              251.70  *TIME VALUE TOTAL*    94,670.00
===============================================================================================================

-----------------------------------TIMEKEEPER SUMMARY-----------------------------------
TKPR  TITLE      TIMEKEEPER              BILLED RATE   BILLED HOURS   BILLED VALUE   LAST ENTRY DATE
----  -----      ----------              -----------   ------------   ------------   ---------------
0029  PARTNER    PILEGGI, F G.              391.11        209.90        82,094.00      05/11/07
1161  PARTNER    RENNIE, S K.               300.86         41.80        12,576.00      04/24/07

----------------DISBURSEMENT SUMMARY-----------------
CODE  DESCRIPTION                            AMOUNT
----  -----------                            ------
101   WESTLAW, RESEARCH                       31.14
20    COURT FILINGS                          275.00
27    DEPOSITION/TRANSCRIPT                     .00
76    COPIES                                  14.08
77    MESSENGER SERVICE/DELIVERY               3.00
82    MESSENGER SERVICE/FEDERAL EXPRESS       41.72
84    PHOTOCOPYING                           186.40
85    TELEPHONE CHARGES                      218.98
98    TELECOPYING COSTS                       25.00
                                            -------
        TOTAL DISBURSEMENTS                  795.32


FEES VALUE            94,670.00        **  TOTAL FEES & DISBURSEMENTS       95,465.32
```